IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TYLER MILLER**,

    Plaintiff,

v.

**HENRY HEIMULLER**, **BRUCE HOLSEY**, **JEFF FLATT**, and **SHELLEY HENNESSY**, in their official capacities as board members of the Columbia 9-1-1 Communications District,

    Defendants.

Case No. 3:23-cv-293-SI

**ORDER ON MOTION TO QUASH**

Clifford S. Davidson and Drew L. Eyman, SNELL & WILMER LLP, 1455 SW Broadway, Suite 1750, Portland, OR 97201. Of Attorneys for Plaintiff.

Karen M. O'Kasey, HART WAGNER, LLP, 1000 SW Broadway, Suite 2000, Portland, OR 97205. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

    Plaintiff Tyler Miller (Miller) is a Scappoose City Councilor, within Columbia County, Oregon. Columbia 9-1-1 Communications District (C911) is the public entity in Columbia County that answers 911 calls and dispatches public safety responses to those calls. Defendants Henry Heimuller, Bruce Holsey, Jeff Flatt, and Shelley Hennessy (collectively, Defendants) are the board members of C911, sued in their official capacities. Miller challenges Defendants'

PAGE 1 – ORDER ON MOTION TO QUASH

decision to ban Miller from: (1) attending in-person board meetings at C911 that are otherwise open to the public, (2) entering C911 premises or any property owned or leased by C911, and (3) contacting C911 employees directly, indirectly, or through C911's communication systems except in an emergency. Miller alleges violations of the First Amendment, including First Amendment retaliation, and seeks relief under 42 U.S.C. § 1983. Miller moved for a temporary restraining order (TRO), which the Court granted on March 13, 2023. The TRO enjoins Defendants from prohibiting Miller from physically attending any public, in-person meeting of C911. The TRO remains in effect until the Court rules on Miller's pending motion for preliminary injunction.

Miller has issued subpoenas to produce documents, information, or other objects, or to permit inspection of premises in a civil action ("subpoenas"), to Michael Fletcher, the Executive Director of C911, and Chandra Egan, an employee of C911, both nonparties to this action. Defendants challenge Miller's subpoenas as overly broad, imposing an undue burden, implicating attorney-client privilege of Defendants, or implicating privacy interests of a nonparty. For the reasons stated below, the Court denies Defendants' motion to quash.

**A.  Standards for Motions to Quash Subpoenas**

Rule 45 of the Federal Rules of Civil Procedure governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. The rule provides, among other things, that a federal court in the district where compliance is required must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

Courts considering whether a burden imposed by a subpoena is undue typically look to Rule 26 of the Federal Rules of Civil Procedure. *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying both Rule 26 and Rule 45 standards when deciding a

motion to quash subpoena); *see also Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.*, 377 F. Supp. 3d 1197, 1202 (D. Or. 2019). Rule 26 states the general provisions governing discovery in civil actions pending in federal court. Rule 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure promote a "broad and liberal" policy of discovery. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The right to discovery, however, is not unlimited. A court must limit the extent of otherwise allowable discovery if "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

In addition, Rule 1 of the Federal Rules of Civil Procedure provides that these rules "should be construed, administered, and employed *by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding" (emphasis added). The advisory committee note to the 2015 Amendment, which added the italicized text, explains:

> Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with — and indeed depends upon — cooperative and proportional use of procedure.

Fed. R. Civ. P. 1 Advisory Committee's Note to 2015 Amendment.

PAGE 3 – ORDER ON MOTION TO QUASH

Courts give special consideration to the burdens imposed on nonparties. *Pegatron Tech. Serv.*, 377 F. Supp. 3d at 1203; *see Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *see also Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." (citing *United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982)).

Despite the special consideration granted to nonparties, the Ninth Circuit has not yet decided whether a *party* has standing to bring a motion to quash a subpoena served on a nonparty. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Anstead v. Virginia Mason Med. Ctr.*, No., 2023 WL 2537990, at *2 (W.D. Wash. Mar. 16, 2023) (quoting *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010)). In other words, unless the party *making* the challenge claims a personal right or privilege, there is generally no standing to quash subpoenas directed at third parties. *See id.* (collecting cases); *Thao v. Lynch*, 2023 WL 2480860, at *2 (E.D. Cal. Mar. 13, 2023) (no standing to object to third-party subpoena on grounds of undue burden).

Some courts recognize that a party may move to quash a third-party subpoena upon a showing that there is an applicable privacy interest, even if that interest does not rise to the level of a privilege. *Harbord v. Home Depot U.S.A. Inc.*, 2017 WL 1102685, at *2 (D. Or. Mar. 24, 2017) (citing, *e.g.*, *Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626 (D. Colo. 1993); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995)). Absent a specific showing of such an interest, a court may not quash a subpoena *duces tecum* directed to a third party based solely on a motion by a party. *See id.*

PAGE 4 – ORDER ON MOTION TO QUASH

**B. Discussion**

Defendants first challenge the subpoena issued to Mr. Fletcher. That subpoena requests, among other things, "[f]or the period during which you have been Executive Director of the Columbia 9-1-1 Communications District ("C911CD"), all documents mentioning or relating to Tyler Miller." O'Kasey Decl. Ex. 1 at 4 (ECF 36-1). Defendants argue that this request seeks information subject to the attorney-client privilege. Yet Defendants do not argue that all responsive documents are privileged, let alone identified a specific privileged document. Thus, they have not made a specific showing of privilege. *See United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (party asserting privilege has burden of proof). Defendants also argue that the request to Mr. Fletcher is unduly burdensome. But Defendants do not have standing to object to a nonparty subpoena on grounds of undue burden. *Thao,* 2023 WL 2480860, at *2. Defendants do not challenge the subpoena on any other ground. The Court finds that Defendants lack standing to quash the subpoena directed at Mr. Fletcher.

Second, Defendants challenge one of the requests in the subpoena issued to Ms. Egan. Plaintiff issued a request to Ms. Egan for "[a] complete, native copy of your Facebook/Meta profile from January 1, 2016 to the present, including private messages of a sexual or bawdy nature." O'Kasey Decl. Ex. 2 at 4 (ECF 36-2). For many of the reasons cited by Defendants, the Court questions whether this subpoena complies with the letter and spirit of Rule 26 and Rule 1 of the Federal Rules of Civil Procedure. *See, e.g.*, *EEOC v. Donohue, M.D.*, 746 F. Supp. 2d 662, 666 (W.D. Penn. 2010) (quashing subpoenas issued to a party that sought evidence of that party's sexual behavior and "banter" at other places of employment as irrelevant and a "thinly veiled" attempt to generate impermissible character evidence). Defendants, however, acknowledge that Ms. Egan is one step removed from the plaintiffs in the cases they cite. Defendants do not assert that Ms. Egan's profile is subject to privilege or that *Defendants*'

PAGE 5 – ORDER ON MOTION TO QUASH

privacy interests or personal rights are at stake. They raise only Ms. Egan's personal privacy interests. Accordingly, Defendants lack standing to challenge the subpoena. *See Harbord,* 2017 WL 1102685, at *2. Defendants' motion to quash is denied.

**IT IS SO ORDERED**.

DATED this 11th day of May, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge