Karen O'Kasey, OSB No. 870696
E-mail: kok@hartwagner.com
HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301
        <u>Attorneys for Defendants</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TYLER MILLER, an individual<br><br>            Plaintiff,<br><br>    v.<br><br>HENRY HEIMULLER, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; BRUCE HOLSEY, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; JEFF FLATT, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; and SHELLEY HENNESSY, in her official capacity as Board Member of the Columbia 9-1-1 Communications District,<br><br>            Defendants. | Case No 3:23-cv-00293-SI<br><br>**DEFENDANTS' MOTION TO UNSEAL COURT DOCUMENTS**<br><br>**ORAL ARGUMENT REQUESTED** |

## <u>LR 7-1 CERTIFICATION</u>

The undersigned represents that counsel for defendants conferred with plaintiff's counsel in a good faith effort to resolve the subject of this motion, but was unable to do so. The court's ruling on this motion is necessary.

## <u>MOTION</u>

Pursuant to this court's March 7, 2023 order sealing all court filings, defendants move to unseal all documents filed after the order. This motion is based on the declaration of Karen

**Page 1 – DEFENDANTS' MOTION TO UNSEAL COURT DOCUMENTS**

O'Kasey and exhibits attached thereto, and the legal memorandum set forth below.

## FACTUAL BACKGROUND

Plaintiff filed this lawsuit on February 28, 2023, and sought a temporary restraining order prohibiting the Columbia 9-1-1 Communications District ("C911") from banning his in-person attendance at its' public board meetings.  Defendants filed a response that included declarations from C911 employees, outlining concerns they had about Miller.  One employee offered a series of text messages between she and Miller that in part, formed the basis of her complaints about Miller's personal attendance at meetings.

At the request of Miller's counsel, the court entered an order sealing all of defendants' pleadings and all subsequent pleadings.  For the reasons set forth below, the order should be vacated as there is no compelling reason to keep the court filings sealed.

## LEGAL MEMORANDUM

### 1.    No Compelling Reason Supports Keeping the Records Sealed.

There is a strong presumption against keeping court records sealed.  *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978) (courts of this country recognize a general right to inspect and copy public records and documents, including judicial records).

Ordinarily, a party seeking to seal a document pursuant to Fed. R. Civ. P. 26(c) need only show good cause.  Once documents have been filed with the court however, a party must have a compelling reason to keep the documents under seal.  *Kamakana v. Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  The "compelling reason" standard is higher than the "good cause" standard, because different interests are at stake.  Under Fed. R. Civ. P. 26(c), the private interests of the litigants are the primary concern.  Once documents are filed however, they become part of the judicial record, and the public is entitled to access to those records by default,

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

*Kamakana* at 1180.

The "compelling reason" standard applies to filings that are related to the merits of the case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Motions for preliminary injunctions or motions that address, at least in part, pleadings and documents related the merits are subject to the "compelling reason" standard. *Id.* Under this stringent standard, records may be kept sealed only if the court finds a compelling reason and articulates the factual basis for its findings, without relying on hypothesis or conjecture. *Id.*

What constitutes a "compelling reason" is best left to the sound discretion of the trial court. *Nixon,* 435 U.S. at 599. However, appellate courts have established the clear guidance that unless a particular court record is one "traditionally kept secret," a strong presumption in favor of access is the starting point. *Hagestad v. Tragsser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The only documents considered "traditionally kept secret" are: (1) grand jury transcripts and (2) warrant materials in the midst of a pre-indictment investigation. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

In general, compelling reasons sufficient to outweigh the public's interest in disclosure are only found when the filings are made for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements or release trade secrets. *Valley Broadcasting Co. v. U.S. District Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986). The fact that unsealing of records may lead to a litigant's embarrassment does not, without more, compel the court to keep the records sealed. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 2003).

None of the pleadings filed in response to the TRO motion meet either the "traditionally kept secret" criteria or fall within one of the four categories of documents courts generally have

**Page 3 – DEFENDANTS' MOTION TO UNSEAL COURT DOCUMENTS**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

support "compelling reasons" to remain sealed.  The pleadings and declarations were filed in response to claims made by plaintiff about C911 banning him from in-person attendance at public board meetings.  Defendants were entitled to (and in fact needed to) file declarations from employees and present argument about why the ban was appropriate and a TRO should not issue.

As explained in defendants' submissions, the ban was in response to complaints made by employees regarding Miller and his attendance at board meetings.  In addition to the complaints, employee Chandra Egan also provided C911's Executive Director with text messages from Miller, which were also the basis for her complaints in January of 2023 about Miller.  None of the pleadings, declarations, or exhibits were filed to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

In *Valley Broadcasting*, the court discussed the balancing factors, stating that "counseling against such access would be the likelihood of improper use including the publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of defendants or third persons; and residual privacy rights." *Id.* at 1294.

As discussed below, plaintiff has no privacy expectation in his own text messages to a third party.  Plaintiff is not a defendant, the text messages are from him, so are not libelous or scandalous, and are not pornographic.  The text messages include no trade secrets.

The pleadings were all filed in response to Miller's motion.  Miller, a public official, accused another public entity of wrongful conduct.  This required an explanation by the public entity about the reasons it banned Miller from in-person attendance at board meetings.  There should be more transparency, not less, when there are disputes involving public figures who already open themselves to the public and are subject to public scrutiny.  *Nixon*, 435 U.S. at 597, *Bradley v. Ackal*, 954 F.3d 216, 232 (5th Cir. 2020) (in discussing "compelling reason" standard,

**Page 4 – DEFENDANTS' MOTION TO UNSEAL COURT DOCUMENTS**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

court stated that disclosure is favored when the parties are public entities; privacy interests are diminished when party is a public person).

      **2.**      <u>**Plaintiff Has No Expectation of Privacy in Text Messages Sent to Egan.**</u>

There is no factual dispute that Miller and Egan voluntarily exchanged a number of text messages.  To the extent plaintiff argues that he had some expectation of privacy in those text messages, this argument should be rejected as he sent those text messages to a third party.

When a party transmits messages and photos to a third-party device (in this case, Egan's cell phone) over which he has no control, he voluntarily risks that those messages and photos, once delivered, will be viewed by whomever has access to Egan's phone or by whomever Egan chooses to share them with.

Courts have consistently held that a person has no legitimate expectation of privacy in information voluntarily turned over to third parties.  *Smith v. Maryland*, 442 U.S. 735, 743 (1979); *U.S. v. Miller*, 425 U.S. 435, 442 (1976); *United States v. Bereznak*, 860 Fed. Appx. 805, 808 (3rd Cir. 2021)(defendant had no reasonable expectation of privacy in text messages sent to third-party cell phone, defendant assumed the risk that the recipient would reveal the contents of the messages to third parties); *Sunbelt Rentals, Inc. v. Victor*, 43 F.Supp.3d 1026 (D.C. N.D. California 2014)(no expectation of privacy in text messages transferred to iPhone owned, controlled and possessed by former employer); *Fetsch v. City of Roseburg*, 2012 WL 6742665 (U.S.D.C. Oregon 2012)(Magistrate Papak held that plaintiff had no expectation of privacy in text messages sent to third party; once text messages sent, plaintiff voluntarily risked that messages would be viewed by others).

Additionally, the text messages between Miller and Egan have already been the subject of document production in the *Miller v. Watson* lawsuit, Case No. 3:18-cv-00562-SB.  In January of

**Page 5 – DEFENDANTS' MOTION TO UNSEAL COURT DOCUMENTS**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

2020, counsel for defendant Watson subpoenaed Chandra Egan for her text messages with Miller (O'Kasey Decl. ¶ 1).  No motion to quash was filed and Miller did not seek to have Egan produce the subpoenaed text messages pursuant to protective order (O'Kasey Decl. ¶ 3).  After Watson's counsel received the text messages, his office provided those to Mr. Miller's attorney, on January 30, 2020 (O'Kasey Decl. ¶ 2, Ex. 2).  The text messages were then referenced during Egan's deposition, by Miller's own attorney, on February 4, 2020, also not subject to protective order or any motion to seal (O'Kasey Decl. ¶ 4).

Watson's attorneys then filed a motion for summary judgment on March 3, 2020, referencing a text message from the chain between Egan and Miller, not subject to protective order or a motion to seal (*Miller v. Watson*, Docket No. 93-1).  The text messages have been part of the *Miller v. Watson* lawsuit for over three years and while they were being used in depositions and motions, neither party asked that they be sealed.

## CONCLUSION

For all of the above reasons, there is no "compelling reason" to keep defendants' pleadings, declarations and exhibits sealed.  The order sealing the court records should be vacated.

DATED this 20th day of March 2023.

HART WAGNER LLP

By:    */s/ Karen O'Kasey*
Karen O'Kasey, OSB No. 870696
Of Attorneys for Defendants

Trial Attorney:  Karen O'Kasey, OSB No. 870696

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of March 2023, I served the foregoing

**DEFENDANTS' MOTION TO UNSEAL COURT DOCUMENTS** on the following party at

the following address:

> Clifford S. Davidson
> Drew L. Eyman
> Snell & Wilmer LLP
> 1455 SW Broadway Ste 1750
> Portland OR  97201
>     *Of Attorneys for Plaintiff*

by electronic means through the Court's Case Management/Electronic Case File system.


                                        */s/ Karen O'Kasey*
                                         Karen O'Kasey

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**