Karen O'Kasey, OSB No. 870696
E-mail:  kok@hartwagner.com
HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301
        Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TYLER MILLER, an individual<br><br>            Plaintiff,<br><br>      v.<br><br>HENRY HEIMULLER, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; BRUCE HOLSEY, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; JEFF FLATT, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; and SHELLEY HENNESSY, in her official capacity as Board Member of the Columbia 9-1-1 Communications District,<br><br>            Defendants. | Case No 3:23-cv-00293-SI<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT DOCUMENTS**<br><br>**ORAL ARGUMENT REQUESTED** |

### REPLY

Plaintiff fails to establish a compelling reason for keeping the text message attachments under seal.  Plaintiff does not have a privacy interest in those messages sent to a third party who had the right to voluntarily disclosed them to others.

**Plaintiff Fails to Establish a Compelling Reason for Keeping the Messages under Seal.**

Plaintiff's argument for maintaining the text message portion of the documents under seal are based on his assertion that the text exchanges ████████████████████████

**Page 1 – DEFENDANTS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT DOCUMENTS**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

██████████████████████████████████████████████████████

██████████████████████████████████

First, the messages show the offensive behavior plaintiff engaged in with Ms. Egan, which were in part, the reason defendants excluded plaintiff from C911 premises. Plaintiff now attempts to benefit from his own offensive behavior by arguing that his words and actions are "unsubstantiated rumor, gossip, and other scurrilous allegations." (Response at 4). The offensiveness is the point—that is what led, in part, to his exclusion. None of the pleadings, declarations, or exhibits were filed to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The text messages were, in part, the underlying basis for Ms. Egan's complaint to C911 about plaintiff and one of the reasons he was barred from the premises. They are at the core of the action over which plaintiff is suing the defendants.

In an effort to distinguish the cases cited by defendants, plaintiff argues that the parties in those cases did not otherwise have access to the sealed documents and as a result, had an interest in unsealing them. However, the public interest in judicial submissions does not exist only when an outside party seeks records not otherwise available. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (explaining the presumption for access is to "have a measure of accountability and for the public to have confidence in the administration of justice"); *Valley Broadcasting Co. v. U.S. District Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process").

### Plaintiff Does Not Have a Privacy Interest Sufficient to Establish a "Compelling Interest in Keeping the Messages Sealed.

Plaintiff does not have a privacy interest in messages he voluntarily sent to Ms. Egan, and which have already been produced in other litigation.

Page 2 – DEFENDANTS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT DOCUMENTS

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

Plaintiff alleges that he has a privacy interest in the text messages he sent to Ms. Egan that were subsequently subpoenaed (without objection from plaintiff's counsel and not subject to a protective order) and discussed at a deposition (again without objection from plaintiff's counsel and not subject to a protective order) before being used in the present case.

Plaintiff's primary argument regarding the unsealing of the text messages is that he has s common law "privacy" interest in the messages and as a result, the messages should remain sealed. While Oregon law recognizes four invasion of privacy type claims, none apply to a motion to unseal federal pleadings by establishing the required compelling interest in keeping them sealed. The four theories, under the Restatement (Second) of Torts, are (1) intrusion upon seclusion; (2) appropriation of another's name or likeness; (3) false light; and (4) publication of private facts. *Mauri*, 324 Or at 482 (1996); Restatement (Second) of Torts §§ 652A–652D (1977). Plaintiff argues that the fourth theory—publication of private facts, requires that the order sealing the text message remain in place.

  a. **The Privilege to Publish Applies.**

Defendants move to unseal court records, which are subject to a privilege to publish. The Restatement (Second) of Torts states that the privilege to publish applies to the publication of any matter that otherwise might be an invasion of privacy. Restatement (Second) of Torts §§ 585 (judicial officers have absolute privilege to publish information relating to matters before the court); 586 (attorneys have absolute privilege to publish information relating to matters concerning a judicial proceeding for which the attorney is counsel); 587 (parties to a judicial proceeding have absolute privilege to publish information relating to matters concerning the judicial proceeding provided it has bearing on the subject matter of the litigation); 588 (witnesses to a judicial proceeding have absolute privilege to publish relating to matters concerning that

Page 3 – DEFENDANTS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT DOCUMENTS

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

judicial proceeding provided it has any bearing on the subject matter of the litigation); 652F (stating that aforementioned privileges apply as absolute privileges to publish); 652F (Comment a) ("The circumstances under which there is an absolute privilege to publish matter that is an invasion of privacy are in all respects the same as those under which there is an absolute privilege to publish matter that is personally defamatory… The Comments to those Sections are applicable to the publication of matter that invades privacy, so far as they are pertinent."). The illustration provided in § 652F is directly applicable here:

> "A, testifying in a judicial proceeding, discloses matter pertinent to the issue under litigation, concerning the private affairs of B, and of a nature highly offensive and embarrassing to B, A is absolutely privileged to do so."

*Id.* § 652F (Illustration No. 1). Further, what constitutes relevant or "pertinent" to an issue in a judicial proceeding is very broad. "It is not necessary that the [matter] be relevant or material to any issue before the court. It is enough that it has some reference to the subject of the inquiry." *Id.* § 587 (Comment c); *accord* §§ 585 (Comment e); 586 (Comment c); 588 (Comment c).

      **b.  Even Without the Privilege to Publish, the "Publication of Private Facts" Theory Does Not Apply.**

Even without the absolute privilege to publish the text messages in this judicial proceeding, the unsealing the text messages would not be publication of private facts. Plaintiff does not have an expectation of privacy in messages he sent to a third person when that *same person* is the one who disclosed the messages. *Smith v. Maryland*, 442 U.S. 735, 743 (1979); *U.S. v. Miller*, 425 U.S. 435, 442 (1976); *United States v. Bereznak*, 860 Fed. Appx. 805, 808 (3rd Cir. 2021) (defendant had no reasonable expectation of privacy in text messages sent to third-party cell phone, defendant assumed the risk that the recipient would reveal the contents of the messages to third parties); *Sunbelt Rentals, Inc. v. Victor*, 43 F. Supp. 3d 1026 (U.S.D.C. N.D. California 2014) (no expectation of privacy in text messages transferred to iPhone owned,

Page 4 – DEFENDANTS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT DOCUMENTS

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

controlled and possessed by former employer); *Fetsch v. City of Roseburg*, 2012 WL 6742665 (U.S.D.C. Oregon 2012) (Magistrate Papak held that plaintiff had no expectation of privacy in text messages sent to third party; once text messages sent, plaintiff voluntarily risked that messages would be viewed by others); *State v. Carle*, 266 Or. App. 102, 110 (2014), *rev. den.*, 356 Or. 767 (2015) ("[T]he sender of a text message did not retain a privacy interest in the digital copy of the text message found on the recipient's phone…").  Ms. Egan voluntarily shared the messages (because she had every right to) and produced them in response to a civil subpoena.

Plaintiff argues he retains a privacy interest in the text messages he sent based on the holding in *State v. Lien*, 364 Or 750 (2019).  That case held that a garbage collector segregating a particular defendant's garbage *at the request of law enforcement* was acting as an agent for law enforcement and thus Article I, Section 9 of Oregon's Constitution made the conduct an illegal search and seizure.

*Lien* is not instructive here.  Ms. Egan is not acting as an agent of law enforcement.  Originally, she was required to produce these messages in response to a civil subpoena, without objection from plaintiff or his counsel.  Further, Ms. Egan was the recipient of plaintiff's messages, read the messages, responded, and otherwise generally interacted with the messages to a much greater extent than a garbage collector would with the contents of a bin on a collection route.  Messages lend themselves to easy sharing—plaintiff had no control over what Ms. Egan did with those messages and, thus, has no privacy interest in the messages.
*State v. Carle*, 266 Or. App. 102, 110 (2014), *rev. den.*, 356 Or. 767 (2015) ("[T]he sender of a text message did not retain a privacy interest in the digital copy of the text message found on the recipient's phone, even if the sender 'did not expect anyone other than [the recipient] to see the

Page 5 – DEFENDANTS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT DOCUMENTS

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

text message.'")); *accord Stocker v. Bloomfield*, No. 1:19-CV-00105-CL, 2021 WL 1912374, at *9 (D. Or. May 12, 2021) (citing *Carle*, 266 Or. App. at 110).

Further, the search and seizure cases are inapplicable because plaintiff cannot reasonably argue that he would not be required to produce the messages (if still in his possession) to a discovery request.

Plaintiff's argument that there has been a federal recognition of privacy rights in a civil context is more relevance, but the cases on which plaintiff relies are distinguishable. First, plaintiff cites *Lechowski-Mercado v. Seely Swan High Sch.,* CV 21-10-M-DLC, 2021 WL 2802662, at *2 (D. Mont. July 6, 2021), which addressed private messages sent on various social media platforms. In that case, a party subpoenaed a third-party for messages sent on the social media platforms. The third-party moved to quash the subpoena, arguing that while he had no objection to sharing his public communications about the plaintiff, the third-party objected to sharing his private communications about the plaintiff and unrelated matters.

The party seeking production argued that the messages were not private because they were sent through third-party servers. The court rejected that argument, analogizing the messages sent via social media to any other electronic media with a limited audience. Transmission over social media servers is not an issue in this case; thus *Lechowski-Mercado* is not helpful authority. What is notably lacking in *Lechowski-Mercado*, however, is that there was not a *willing third-party*, who shared the messages in the first place. The court did not consider whether, if the subpoenaed third-party had been willing to disclose the messages, there was a privacy interest of the non-subpoenaed person(s) on the other end of the messages. Although not at issue in the *Lechowski-Mercado* case, the answer of whether there was a privacy interest of non-subpoenaed person(s) is answered in the cases discussed above—there is no privacy interest

Page 6 – DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO UNSEAL COURT DOCUMENTS

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

in messages that are shared with other parties or otherwise easily disclosed. *See, e.g.*, *Bereznak*, 860 Fed. Appx. at 808 (defendant had no reasonable expectation of privacy in text messages sent to third-party cell phone, defendant assumed the risk that the recipient would reveal the contents of the messages to third parties); *Stocker*, 2021 WL 1912374, at *9 (citing *Carle*, 266 Or. App. at 110); *Fetsch v. City of Roseburg*, 2012 WL 6742665 (Magistrate Papak held that plaintiff had no expectation of privacy in text messages sent to third party; once text messages sent, plaintiff voluntarily risked that messages would be viewed by others).

The other cases plaintiff relies on, *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 838 (N.D. Cal. 2014) and *Shenwick v. Twitter, Inc.*, 16-CV-05314-JST (SK), 2018 WL 833085, at *2 (N.D. Cal. Feb. 7, 2018) also address privacy rights in the context of private messages on various social media servers where the social media servers' existence did not destroy the privacy of the parties that were otherwise unwilling to disclose the messages. These are distinguishable for the same reason—here, plaintiff voluntarily sent the messages, in contrast to the cases plaintiff cites, where the issue was transmission of messages over a server.

In sum, plaintiff has failed to show any privacy interest in the text messages he sent to a Ms. Egan that she then voluntarily disclosed, both on her own and in response to a subpoena, to which plaintiff never objected. As noted in the Restatement (Second) of Torts, "[t]here is no liability when the defendant merely gives further publicity to information about the plaintiff that is already public." §652D (Comment b). "Similarly, there is no liability for giving further publicity to what the plaintiff himself leaves open to the public eye." *Id.*

///

///

///

Page 7 – DEFENDANTS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT DOCUMENTS

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## **CONCLUSION**

For all the above reasons and the reasons stated in the motion, there is no "compelling reason" to keep defendants' pleadings, declarations and exhibits sealed. The order sealing the court records should be vacated.

DATED this 17th day of April, 2023.

                                             HART WAGNER LLP

               By:   */s/ Karen O'Kasey*
                       Karen O'Kasey, OSB No. 870696
                       Of Attorneys for Defendants

                       Trial Attorney: Karen O'Kasey, OSB No. 870696

**Page 8 – DEFENDANTS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT DOCUMENTS**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2023, I served the foregoing

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO UNSEAL COURT DOCUMENTS** on the following party at the following address:

Clifford S. Davidson
Drew L. Eyman
Snell & Wilmer LLP
1455 SW Broadway Ste 1750
Portland OR  97201
   *Of Attorneys for Plaintiff*

by electronic means through the Court's Case Management/Electronic Case File system.


       */s/ Karen O'Kasey*
       Karen O'Kasey

Page 1 – CERTIFICATE OF SERVICE

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**