Karen O'Kasey, OSB No. 870696
E-mail: kok@hartwagner.com
HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TYLER MILLER, an individual

Plaintiff,

v.

HENRY HEIMULLER, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; BRUCE HOLSEY, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; JEFF FLATT, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; and SHELLEY HENNESSY, in her official capacity as Board Member of the Columbia 9-1-1 Communications District,

Defendants.

Case No 3:23-cv-00293-SI

**DEFENDANTS' MOTION TO QUASH PORTIONS OF SUBPOENA TO THIRD PARTIES**

## LR 7-1 CERTIFICATION

The undersigned certifies that counsel has conferred with plaintiff's counsel in a good faith effort to resolve the subject matter of this motion but was not able to do so. The court's ruling is necessary on this matter.

## MOTION

Pursuant to F.R.C.P 26(B) and F.R.C.P 45(d)(3), defendants move the court for an order quashing, in part, the subpoenas to produce documents, information or objects or to permit

inspection of premises in a civil action ("subpoenas") issued to Michael Fletcher, the Executive Director of Columbia 911, and Chandra Egan, an employee of Columbia 911.

One of the requests to Fletcher is extremely broad, imposing an undue burden on him, and seeks information subject to the attorney-client privilege. One of the requests to Chandra Egan also subjects her to an undue burden and appears to have been issued solely to harass, embarrass, and/or oppress Egan. This motion is supported by the declaration of Karen O'Kasey, the declaration of Michael Fletcher, the memorandum of law set forth below, and the pleadings on file.

## INTRODUCTION

This is an action alleging a First Amendment violation. Plaintiff claims that the Columbia 911 board's exclusion of him from personal attendance at public meetings and C911 premises violates his First Amendment rights. Neither Fletcher nor Egan are defendants in the action and are not alleged to have made the decision to bar plaintiff.

The request to which Fletcher objects included in his subpoena is "for the period during which you have been Executive Director of the Columbia 9-1-1 Communications District ("C911CD") all documents mentioning or relating to Tyler Miller." The request to which Chandra Egan objects is "a complete, native copy of your Facebook/Meta profile from January 1, 2016, to the present, including private messages of a sexual or bawdy nature. For guidance on how to download your profile, please visit https://www.facebook.com/help/212802592074644" (O'Kasey Decl. Exs. 1 and 2).

For the reasons set forth below, these portions of the subpoenas should be quashed.

## MEMORANDUM IN SUPPORT OF MOTION

As set forth in Mr. Fletcher's declaration, Mr. Miller has had numerous disputes with



**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

Columbia 911 since both before and after Mr. Fletcher became the Executive Director. His repeated and numerous public records requests, threats to sue, and lawsuits have required Fletcher to communicate about Miller on numerous occasions, resulting in what Fletcher estimates to be thousands of documents that mention or relate to Tyler Miller (Fletcher Decl. ¶ 10).

Given the allegations in this case, the subpoena request is not aimed at obtaining information related to plaintiff's claims against the C911 board members; instead, it seems to be a replacement for a public records requests seeking documents entirely unrelated to this litigation for a five-year period.

Pursuant to F.R.C.P. 45(d)(3), the court can quash or modify a subpoena that requires disclosure of privileged or other protected matter, and/or subjects a person to undue burden. Given the extensive history of Miller and Columbia 911, plaintiff's request for all documents mentioning him for a five-year period is unduly burdensome. Mr. Fletcher does not object to providing documents pursuant to the remaining requests, which are related to the claims brought, but the first request should be quashed.

The same analysis applies to the request made to Chandra Egan for a complete copy of her Facebook/Meta profile from January 1, 2016, to the present. This request is unduly burdensome. The request also appears to be an attempt to attack and embarrass Egan, suggesting that if she engages in [REDACTED] text messaging" with others, she could not possibly be offended by plaintiff's [REDACTED] text messages. Whether or how Ms. Egan messages with individuals other than Miller has no bearing on whether she was offended by Miller's text messages.

It has been long established that in the context of a claim of harassment, particularly



**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

sexual harassment, caution must be exercised to assure that discovery techniques are not made instruments of oppression and discovery about a plaintiff's sexual history and conduct unrelated to the claim at issue is in general not discoverable. *Priest v. Rotary*, 98 F.R.D. 755, 756-759 (1983). In *Priest*, plaintiff bought an employment discrimination claim based on alleged sexual harassment. Defendant sought detailed information about plaintiff's sexual history, and plaintiff refused to answer deposition questions about that subject. In denying defendant's motion to obtain this information, the court noted that defendant's characterization of plaintiff's conduct as "habit" was clearly a thinly disguised attempt to seek character evidence. The court went on to state that it was also concerned with the potential of the requested discovery to harass, intimidate, and discourage the plaintiff in her efforts to prosecute her case. *Id*. at 761. The court recognized that discovery of intimate aspects of plaintiffs' lives, as well as those of their past and current friends and acquaintances, has the clear potential to discourage sexual harassment litigants from prosecuting lawsuits. The court held that the annoyance and discomfort which plaintiff suffered because of defendant's inquiries into her personal life was "unnecessary and deplorable."

The same result was reached in *Macklin v. Mendenhall*, 257 F.R.D. 596 (2009). In that case, plaintiff brought sexual harassment claims against an individual defendant and the Delano Police Department. Defendant then sought discovery relating to plaintiff's sexual history, and relationships with individuals other than defendant. After discussing numerous other federal decisions, the court held that the questions posed to plaintiff regarding sexual conduct, history or predisposition are "shielded from the reach of defendant's discovery effort in proceedings of this nature under Fed. R. Evid. 412," *Id.* at 604. Similarly in *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55 (2018), the court quashed several non-party subpoenas seeking information



**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

about plaintiff's sexual history with other men and media files depicting her activities. In quashing the subpoenas, the court noted that defendant's theory about the relevance of this information advanced a "boorish, reductive narrative that Hughes was predisposed to engage in self-serving sexual relationships." *Id*. at 58.

In *EEOC v. Donohue, M.D.*, 746 F.Supp.2d 662 (2010), the court, relying on the decision in *Macklin*, quashed subpoenas to the extent that they sought evidence of the plaintiff's sexual behavior and/or "banter" at other places of employment. The court held that "seeking to discover evidence about plaintiff's propensity to engage in particular behavior involving sexual conduct, innuendo, or desires in other settings, such as her current workplace, is not probative to the issues and amounts to little more than a thinly veiled attempt to generate evidence of propensity or character trait that would be prohibited by Federal Rule of Evidence 404(a)." *Id*. at 666. The same analysis was applied in *B.K.B. v. Maui Police Department*, 276 F.3d 1091 (9th Cir. 2002). In that case, also a sexual harassment case, the court, in addressing the admissibility of trial testimony held that "courts have held in similar cases that the probative value of evidence of a victim's sexual sophistication or private sexual behavior regarding the welcomeness of harassing behavior in the workplace does not substantially outweigh the prejudice to her. *Id.* at 1105.

Ms. Egan is one step removed from the plaintiffs in the cases discussed above. She is not seeking damages from Miller for any of his behavior. She reported his behavior to Columbia 911, which in turn acted against Miller based in part on her complaints. For the same reasons that such broad and invasive discovery attempts in cases involving plaintiffs bringing complaints

///

///



**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

about a specific person's behavior are rejected, so should plaintiff's discovery attempt here. For this reason, that portion of the subpoena should be quashed.

DATED this 18th day of April, 2023.

HART WAGNER LLP

By: */s/ Karen O'Kasey*
Karen O'Kasey, OSB No. 870696
Of Attorneys for Defendants



**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2023, I served the foregoing **DEFENDANTS' MOTION TO QUASH PORTIONS OF SUBPOENA TO THIRD PARTIES** on the following party at the following address:

Clifford S. Davidson
Drew L. Eyman
Snell & Wilmer LLP
1455 SW Broadway Ste 1750
Portland OR 97201
*Of Attorneys for Plaintiff*

by electronic means through the Court's Case Management/Electronic Case File system.

*/s/ Karen O'Kasey*
Karen O'Kasey



**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**