DocuSign Envelope ID: 3A2FBF57-C14D-4DD2-9902-051469085DF7

Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
Telephone: 503.624.6800
Facsimile: 503.624.6888
Attorneys for Plaintiff Tyler Miller

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| TYLER MILLER, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>HENRY HEIMULLER, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; BRUCE HOLSEY, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; JEFF FLATT, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; and SHELLEY HENNESSY, in her official capacity as Board Member of the Columbia 9-1-1 Communications District,<br><br>    Defendants. | Case No. 3:23-cv-00293-SI<br><br>DECLARATION OF DUSTIN HALD |

I, Dustin Hald, declare as follows:

1. I am over the age of 18. I make this declaration based on personal knowledge unless otherwise indicated. If called upon to do so, I would testify truthfully as follows.

2. I was employed by the Columbia County Sheriff's Office from 1998 to 2018. I held the positions of patrol deputy, sergeant and finished the last several years as a lieutenant before retiring.

3. As a patrol sergeant and lieutenant, I supervised and managed the sheriff's office's reserve deputy unit. As a lieutenant, I was the commander of the sheriff's office's patrol unit.

4. I was involved with Tyler Miller's hiring and training process when he was a reserve deputy. I was also responsible for approving him for solo patrol status once he met all the department's training and other requirements and his training officers concurred.

5. Because the sheriff's office is a small agency with fewer than 10 total patrol deputies and sergeants, I worked dozens, if not over 100, patrol shifts with Tyler Miller.

6. Tyler Miller was a competent, professional reserve deputy who proved himself over and over. He earned the respect of his fellow deputies and officers he worked with, countywide, and he was highly regarded by everyone at the sheriff's office and local police departments.

7. I do not recall Tyler Miller receiving a single citizen complaint over the span of about six (6) years.

8. As part of my responsibilities, I investigated complaints by and about Columbia 9-1-1 Communications District personnel. I did not receive, and have not received, any complaints from Columbia 9-1-1 Communications District alleging Miller had been

unprofessional or alleged to have broken any policy or law. There were certainly no complaints alleging he had harassed anyone. It was common practice for Columbia 9-1-1 Communications District dispatchers, to include Dannell Hooper, to file complaints with sheriff's office management whenever any deputy was alleged to have been unprofessional. I investigated many of those complaints.

9. For several years, sheriff's office management had scheduled meetings with C911CD personnel. These meetings were usually once per month. The purposes of these meetings were to have dialog about general public safety problems, concerns, etc. I attended these meetings and there were never any concerns about Tyler Miller being unprofessional or allegations that he had harassed anyone.

10. CAD incident reports with all comments for the incident are included in every incident report written by the deputies. Those CAD incident reports are reviewed by supervisors for approval before going to the records unit and district attorney's office. I have never observed any comments about dispatchers in a CAD report entered by Tyler Miller.

11. When working patrol or performing administrative functions, I would monitor the radio channels the deputies and officers use throughout the county to interact with Columbia 9-1-1 Communications District dispatchers. I never once heard Tyler Miller be rude or unprofessional with any dispatcher.

12. If Tyler Miller or any other personnel of the sheriff's office were alleged to have violated any CJIS rule or professional conduct rule, that complaint would be officially and formally investigated in line with the policies and procedures of the sheriff's office.

13. Due to the staffing size of the sheriff's office and C911CD, and the friend-type relationships that are inherent in such a small community between agencies, I am confident that

even if a formal complaint were not made against Tyler Miller for something he was to have alleged to have done, I would have heard about it through back channels. Any such violation of Sheriff's office policy, would have been brought forward and investigated.

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this declaration on March 8, 2023, at St. Helens, Oregon.

DocuSigned by:

Dustin Hald

4860-6876-8853

Page 3 – HALD DECLARATION

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800