Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
Telephone:  503.624.6800
Facsimile:   503.624.6888
Attorneys for Plaintiff Tyler Miller

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| TYLER MILLER, an individual,<br><br>             Plaintiff,<br><br>vs.<br><br>HENRY HEIMULLER, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; BRUCE HOLSEY, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; JEFF FLATT, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; and SHELLEY HENNESSY, in her official capacity as Board Member of the Columbia 9-1-1 Communications District,<br><br>             Defendants. | Case No. 3:23-cv-00293-SI<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH PORTIONS OF SUBPOENA TO THIRD PARTIES |

**INTRODUCTION**

Defendants lack standing to quash the subpoena to Michael Fletcher based on undue burden and attorney-client privilege, and to Chandra Egan based on undue burden and harassment/embarrassment.

Defendants may only quash a third-party subpoena to the extent they can show it implicates their attorney-client privilege or privacy interests. Defendants assert attorney-client privilege only with respect to the subpoena to Mr. Fletcher. But Defendants offer nothing more than a generic, conclusory assertion of privilege. They have not met their burden of establishing that privilege. Accordingly, this Court should deny Defendants' motion to quash because they lack standing.

Even if this Court determines that Defendants somehow have standing, it should still deny Defendants' motion to quash. The third-party subpoena to Michael Fletcher does not impose an undue burden on Mr. Fletcher, it simply asks him to run a word search of his communications for "Tyler" and "Tyler Miller" for the time he has served as Executive Director of the Columbia 9-1-1 Communications District ("C911CD"). The third-party subpoena to Chandra Egan also does not impose an undue burden on Ms. Egan, it simply asks her to download her Facebook profile – a process which should take a few minutes. In addition, the third-party subpoena to Ms. Egan is not intended to embarrass or harass her; rather, it is intended to discover the style and substance of her communications with others. That is probative of the pretextual nature of Defendants' defense, in which they point to an alleged complaint from Ms. Egan to C911CD about not being comfortable around Miller due to text messages from Miller that were sent seven years ago. Defendants' motions to quash should be denied for those reasons as well.

**MEMORANDUM**

I.   **Background**

Miller sued to prevent Defendants—board members of C911CD—from violating his First Amendment rights by baselessly, prospectively, and retaliatorily banning him from attending in-person any meeting of the C911CD (the "Ban"). (ECF 1.) Defendants did not explain the purported rationale for this ban until Miller sought a temporary restraining order.

In response to the TRO motion, Defendants argued that the Ban is based on a complaint from Ms. Egan regarding text messages exchanged with Miller seven years ago. (ECF 9.) Miller argues that the Ban is a pretextual effort to retaliate against Miller for publicly opposing their sole-source procurement efforts. (ECF 14 at 6-8.)

This Court found that the allegations and evidence "supports a conclusion that Defendants' current position is mere pretext," and issued a temporary restraining order forbidding Defendants from banning Miller's in-person attendance at District meetings. (ECF 19.) A preliminary injunction hearing is set for May 19, 2023. (ECF 23.)

Defendants presently move to quash certain portions of subpoenas issued to two third parties: (1) Michael Fletcher (Executive Director of the District) and Chandra Egan (an employee of C911CD). (ECF 18.)

II.  **Defendants Lack Standing to Quash the Third-Party Subpoenas.**

The general rule is that "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Harbord v. Home Depot U.S.A. Inc.*, No. 3:16-CV-2179-SI, 2017 WL 1102685, at *2 (D. Or. Mar. 24, 2017) (Simon, J.); *see Anstead v. Virginia Mason Med. Ctr.*, No. 221CV00447JCCJRC, 2023 WL 2537990, at *1 (W.D. Wash. Mar. 16, 2023) (no standing to quash subpoena directed at third party; collecting cases); *Thao v. Lynch*, No. 221CV0731KJMACP, 2023 WL 2480860, at *2

(E.D. Cal. Mar. 13, 2023) (no standing to object to third-party subpoena on grounds of undue burden); *Salazar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2022 WL 9408596, at *2 (D. Ariz. Oct. 14, 2022) (no standing to quash third-party subpoena); *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (same). Accordingly, "[a]bsent a specific showing of either a privilege or privacy interests, a court may not quash a subpoena duces tecum." *Harbord*, 2017 WL 1102685, at *2.

Defendants have not shown that the subpoena implicates their privilege or privacy interests. First, with respect to the subpoena directed to Mr. Fletcher, Defendants state that the subpoena seeks privileged documents. They do not argue that all responsive documents are privileged, let alone any particular document; in fact, they argue the opposite – that this is tantamount to a public records request. Accordingly, they have not made a specific showing of privilege. *See United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (party asserting privilege has burden of proof).

Second, Defendants do not claim that the subpoena directed to Ms. Egan implicates any of Defendants' privilege or privacy interests. So, they lack standing to quash the subpoena directed to Ms. Egan, and their motion should fail for that reason alone. *See Harbord*, 2017 WL 1102685, at *2 (denying motion to quash and explaining "Plaintiff did not expressly invoke ***his privacy interests*** as a basis for his motion to quash.") (emphasis added); *Thao v. Lynch*, 2023 WL 2480860, at *2 ("A party cannot seek to quash a Rule 45 subpoena except to the extent that it has ***a personal right or privilege*** in the information sought to be disclosed.") (internal quotations omitted; emphasis added).

For the above reasons, Defendants lack standing to quash these third-party subpoenas and, for that reason alone, this Court should deny their motion to quash.

**III.    In the alternative, this Court should deny Defendants' Motion to Quash on the merits.**

   **A.    The request to Mr. Fletcher does not impose an undue burden, and Miller is not seeking privileged information.**

Even if this Court determines that Defendants somehow have standing, this Court nonetheless should deny their motion to quash the subpoena issued to Mr. Fletcher. That subpoena requests, among other things, "For the period during which you have been Executive Director of the Columbia 9-1-1 Communications District ("C911CD"), all documents mentioning or relating to Tyler Miller." O'Kasey Decl., Ex. 1 at 4. Fletcher has been Executive Director for approximately five years.

Defendants moved to quash, arguing that this request seeks information subject to the attorney-client privilege and that it is unduly burdensome because Mr. Fletcher supposedly estimates it encompasses thousands of documents. (ECF 35 at 3.) Defendants purport to rely on Mr. Fletcher's declaration. But the only declaration on file from Mr. Fletcher is the previously filed Declaration of Michael Fletcher in Support of Opposition to Motion for Temporary Restraining Order. (ECF 10.) That declaration says nothing about these issues, nor could it since that declaration was filed prior to the issuance of this subpoena.

In any event, Defendants argue that Miller's request is improper because it's unduly burdensome and "seems to be a replacement for a public records request[.]" *Id.* at 3. They do not argue that such a public records request would be improper. Moreover, Defendants' only argument as to why it is burdensome is that Mr. Fletcher has communicated about Miller "on numerous occasions" during his tenure as Executive Director. *Id.* at 3. Miller agreed to limit those communications to documents containing the words "Tyler" or "Tyler Miller," which could be found through a simple word search. That is not unduly burdensome. *See, e.g., Signal IP, Inc. v. Kia Motors Am., Inc.*, No. CV1402457JAKJEMX, 2015 WL 12765543, at *1 (C.D.

Cal. Jan. 29, 2015) (unreported) (rejecting unduly burdensome argument based on ability to do a word search).

As explained in section II above, Defendants have not carried their burden to show that any requested documents are protected by the attorney-client privilege. To the extent any documents are in fact privileged, Defendants can provide a privilege log. But they should not be permitted to quash the entire request merely because they assert that some of the requested documents might fall under the protection of the attorney-client privilege. *See Mcintyre v. Douglas Cnty.*, No. 6:17-CV-00798-AA, 2021 WL 4771861, at *2 (D. Or. May 3, 2021) ("Blanket claims of privilege are disfavored and Defendant is ordered to produce a privilege log detailing all relevant documents withheld under a claim of privilege to allow Plaintiff to challenge Defendant's claim of privilege.").

    **B.**    **The subpoena to Ms. Egan does not impose an undue burden and has not been issued for purposes of harassment, embarrassment, or oppression.**

Even if this Court determines that Defendants somehow have standing, this Court should nonetheless deny their motion to quash the request issued to Ms. Egan. Defendants issued a request to Ms. Egan for "A complete, native copy of your Facebook/Meta profile from January 1, 2016 to the present, including private messages of a sexual or bawdy nature. For guidance on how to download your profile, please visit https://www.facebook.com/help/212802592074644."

Defendants first argue this Court should quash the request to Ms. Egan as unduly burdensome for the same reason as the request to Mr. Fletcher. Defendants do not otherwise explain why they believe the request is unduly burdensome. This request simply asks Ms. Egan to download her Facebook/Meta profile. She can do that by following the provided instructions with a few clicks of a mouse; that is not unduly burdensome.

Defendants next argue this Court should quash the request as "an attempt to attack and

embarrass Egan[.]" (ECF 35 at 3). Ironically, Defendants are simultaneously moving to unseal text messages between Ms. Egan and Miller, containing bawdy, consensual banter. (ECF 21). In support of Defendants' Motion to Quash, they cite a handful of cases where courts have denied discovery relating to a party's sexual history in sexual harassment cases. Those cases are inapposite because Ms. Egan is not a party here, nor has Ms. Egan brought a sexual harassment claim. Moreover, none of those cases involve issues of pretext.

This request to Ms. Egan does not exclusively seek messages of a sexual or bawdy nature; rather, the request seeks Ms. Egan's Facebook profile *including* such messages if any exist. In conferral, Defendants objected to the production of *any* Facebook messages or posts, so no narrowing was possible.

Miller's request that Ms. Egan produce her Facebook profile is probative of Defendant's defense. Defendants say they imposed the Ban because Ms. Egan recently complained she was offended by Miller's text messages from seven years ago. Miller alleges that asserted basis is pretextual, and that Defendants actually imposed the Ban in retaliation for Miller's protected speech. Accordingly, the style and substance of Ms. Egan's communications with others makes it more or less likely she was actually offended by Miller's text messages. In that way, Ms. Egan's Facebook profile is probative of Ms. Egan's mental/emotional state, on which Defendants' base their defense. Courts have permitted discovery of an individual's Facebook profile when that individual's mental or emotional state is at issue. *See, e.g., Marquez v. Bd. of Cnty. Commissioners Eddy Cnty.*, No. CV 11-0838 JAP/KBM, 2015 WL 13638613, at *3 (D.N.M. Jan. 13, 2015) (unreported) (granting motion to compel plaintiff's Facebook page as relevant to determining his mental state and credibility); *Moore v. Miller*, No. 10-CV-651-JLK, 2013 WL 2456114, at *2 (D. Colo. June 6, 2013) (unreported) ("Mr. Moore's Facebook activity is relevant

to his claims of emotional pain and suffering.").

## CONCLUSION

For the above reasons, this Court should deny Defendants' motion to quash portions of subpoena to third parties because Defendants lack standing or, in the alternative, the motion is meritless. Furthermore, should Defendants be open to producing any of Ms. Egan's Facebook data, Plaintiff remains willing to confer on ways to narrow the subpoena.

Dated: April 25, 2023                SNELL & WILMER L.L.P.

                                     By /s/ Clifford S. Davidson
                                        Clifford S. Davidson, OSB No. 125378
                                        Drew L. Eyman, OSB No. 163762

                                     Attorneys for Plaintiff

4866-2692-5662