Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
Telephone: 503.624.6800
Facsimile: 503.624.6888
Attorneys for Plaintiff Tyler Miller

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

TYLER MILLER, an individual,

      Plaintiff,

vs.

HENRY HEIMULLER, in his official capacity
as Board Member of the Columbia 9-1-1
Communications District; BRUCE HOLSEY,
in his official capacity as Board Member of the
Columbia 9-1-1 Communications District;
JEFF FLATT, in his official capacity as Board
Member of the Columbia 9-1-1
Communications District; SHELLEY
HENNESSY, in her official capacity as Board
Member of the Columbia 9-1-1
Communications District; and the
COLUMBIA 9-1-1 COMMUNICATIONS
DISTRICT, an Oregon municipal corporation,

      Defendants.

Case No. 3:23-cv-00293-SI

FIRST AMENDED COMPLAINT

42 U.S.C. § 1983
Oregon Declaratory Judgment Act

     Plaintiff, a Scappoose city councilor, sues Defendants because they have pretextually and

unconstitutionally banned him from attending in person any meeting of the Columbia 9-1-1

Communications District (the "District"), from being present on District property, and from

using any District communications system. Defendants' purported justification for doing so is false. They claim that Plaintiff has created a hostile work environment (even though he doesn't work at the District) and sent inappropriate text messages to a District dispatcher <u>six or seven years ago</u>. Even if Defendants' claims were accurate, this across-the-board ban violates Plaintiff's First Amendment right to express himself by appearing in-person at public meetings of the District's board.

After Plaintiff filed this lawsuit and obtained a temporary restraining order, Defendants decided that the public could attend board meanings only virtually and not in person—even though some members of the board, and the executive director, conduct those meetings in person at District headquarters. Doing so violates the right of Plaintiff and the public at large to associate and assemble in the District headquarters board room, which had been open to the public.

Finally, the District is violating ORS 192.630(4)(a) by banishing Plaintiff and the public to online attendance.

Plaintiff seeks nominal damages, attorney fees, and injunctive relief prohibiting the forgoing constitutional and statutory violations.

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claim for relief alleges a violation of federal law or the Federal Constitution.

2.      This Court has personal jurisdiction because defendants reside in Columbia County, Oregon.

3.      Venue, and divisional venue, lie in this Court and its Portland Division because the acts or omissions at issue arose in Columbia County, Oregon.

## PARTIES

4.      Plaintiff Tyler Miller is an Oregon citizen who resides in Scappoose, Oregon. He was elected to the Scappoose City Council in 2020. Among other things, he is 9-1-1 Communications liaison between the Scappoose City Council and the District. He is also the

Page 2 – FIRST AMENDED COMPLAINT

liaison between the City Council and the Columbia County Board of Commissioners.

5.    Henry Heimuller is a Board Member of the District. He is an Oregon citizen. Plaintiff sues him in his official capacity.

6.    Bruce Holsey is a Board Member of the District. He is an Oregon citizen. Plaintiff sues him in his official capacity.

7.    Jeff Flatt is a Board Member of the District. He is an Oregon citizen. Plaintiff sues him in his official capacity.

8.    Shelley Hennessy is a Board Member of the District. She is an Oregon citizen. Plaintiff sues her in her official capacity.

9.    Columbia 9-1-1 Communications District is an Oregon municipal corporation. It provides 9-1-1 dispatch and communications services in Columbia County and part of Multnomah County.

### FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983)

(Plaintiff against all Defendants)

### Count 1 – Violation of First Amendment right to expression

10.    As a "District" within the meaning of ORS Chapter 198, and therefore a "public body" within the meaning of ORS Chapter 192.610-.690, the District must comply with the Oregon Public Meetings Law.

11.    The District conducts public board of director meetings once a month and has done so regularly for many years. It currently meets, at a minimum, on the fourth Thursday of each month. The District also calls Special Meetings and Advisory Committee meetings on a regular basis.

12.    Plaintiff has attended over 100 of the District's meetings since 2015. Until the events described in this lawsuit, neither the District, nor any of its directors, has taken any action against Plaintiff in relation to his attending those meetings (or otherwise).

13.    On January 11, 2023, Plaintiff attended a District meeting. During that meeting,

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

the board members, including Defendants, discussed two significant proposals: giving Motorola the opportunity to submit a sole-source contracting proposal, and merging the Columbia 9-1-1 Communications District with Washington County's 9-1-1 systems (the "Proposals").

14.    After the meeting, Plaintiff sent that same day an email to several of the board members:

> **From:** Tyler Miller <tmiller@cityofscappoose.org>
> **Date:** January 11, 2023 at 16:26:52 PST
> **To:** Mike Fletcher <MFletcher@columbia911.com>
> **Cc:** rob503@comcast.net, henry@henryheimuller.com, flycessna182@gmail.com, Shelleylh64@hotmail.com, michael.russell@columbiacountyor.gov
> **Subject:** [EXTERNAL]Radio System
>
>
> Mike,
>
> I would like to be able to support the WCCCA/Motorola endeavor. If you can hear me out on some concerns and requests, I think you may gain my support.
>
> I can tell you that our city management and council are extremely concerned for the public's interest. Motorola is much more expensive than Tait. The attached documents illustrate that point. Even with the discounts Motorola offered, they were still millions more, "apples to apples". When the site count goes up to achieve the coverage needed, the cost difference between Tait and Motorola is likely to increase by millions more. We are also concerned about schools not being included, all public works departments and the electric utility providers.
> Schools especially have the potential of bringing hundreds of thousands of dollars in grants to this project.
>
> If not impossible, it is going to take a lot to convince voters to pay millions more compared to a system that meets all the end user requirements and costs millions less.
>
> I am all for competition to get the best possible price for our taxpayers. I

Page 4 – FIRST AMENDED COMPLAINT

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

am willing to share with you all information I can from our work with Tait to help
Federal Engineering and Motorola put a system together that meets our end user's
needs at the best possible price offer. My focus has always been: 1) coverage per
the user interviews, and 2) total cost of ownership over 15 years.

I am willing to share our site coordinates for the sites selected and the
context behind those selections. We spent a lot of time reviewing sites with two
different Tait engineers. We reviewed over 70 sites inside and outside the county.
The most recent results had the site count down to 13 sites with portable radio
coverage from the hip (95% reliability at 3.4 DAQ), that met the end user
requirements. I can also share all the radio and accessory counts we received from
our interviews. We put a lot of focus on getting those counts correct. For context,
the radio count ended up at 978 (not 650), just for fire, police, Columbia County
public works and 911 admin and cache radios.

A copy of the January 11 email is attached hereto as Exhibit 1 and incorporated herein by
reference.

15.    On January 18, 2023, outside counsel to the District sent a letter to the Scappoose
City Council requesting "that Mr. Miller and the city refrain from further comment and criticism
until the Motorola Proposal is complete and can be fairly evaluated." A copy of the January 18
letter is attached hereto as Exhibit 2 and incorporated herein by reference.

16.    That same day, the Scappoose City Attorney responded to the District's outside
counsel noting public interest in the Motorola issue, raising questions about the proposed sole-
source opportunity, and requesting that further communications about the matter be directed to
him:

Mr. Peterkin,

I am the City Attorney for the City of Scappoose, I was forwarded your letter to our Mayor
and Council President. I would appreciate it if you directed any future communications to
me.

I have not been closely following the procurement portion of the radio process, though it has
been coming up at our City Council meetings. There have also been questions/concerns from
community members. There seems to be some confusion regarding the process, and your
letter gives me a better understanding of where you are in that process.

I think there is a very high probability that there will be future questions given the decision to
move forward with a sole source contract. Would you mind providing me with your OAR
125-247-0275 Findings? It would aid me in providing the Council with accurate information,
and help insure that they are receiving accurate information.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

A copy of the City Attorney's January 18 response is attached hereto as <u>Exhibit 3</u> and incorporated herein by reference.

17.    On January 20, 2023, the District's counsel responded to Exhibit 3, asking the City Council to "request that Councilor Miller not contact the District directly." The District's counsel complained that after the January 11, 2023 District meeting, Plaintiff had "requested a private meeting with a Board member. That request was rejected. Miller then sent [Exhibit 1]." A copy of District counsel's January 20 correspondence is attached as <u>Exhibit 4</u> and incorporated herein by reference.

18.    On February 17, 2023, Plaintiff published a posting on his "Tyler Miller: Scappoose City Council" Facebook/Meta account. In the posting, which he addressed to "Scappoose and Columbia County Residents," Plaintiff described the Proposals, shared his view that they were a bad idea, urged residents to attend the District meeting on February 23, 2023, and informed residents that three of the five District Board of Directors seats are up for election in May 2023. A copy of the Facebook/Meta posting is attached as <u>Exhibit 5</u> and incorporated herein by reference.

19.    Six days later, during the February 23, 2023 meeting, the District Board of Directors, including Defendants, voted to ban Plaintiff from attending any District meetings in person. The Board directed legal counsel to send Plaintiff a letter informing him of this ban.

20.    Plaintiff received that letter on February 23 by email from the District's lawyer, informing Plaintiff that he was banned from attending public District meetings in person, and from calling the District's non-emergency dispatch number. The following day, Plaintiff discovered another copy of the letter taped to the door of his residence. A copy of the  letter is attached hereto as <u>Exhibit 6</u> and incorporated herein by reference (the "Letter").

21.    In the Letter, Defendants accused Plaintiff of engaging in unspecified "conduct [that] has created a hostile work environment." It further accused him of threatening District employees and sending sexually explicit images to them.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

22.      In addition to Plaintiff, the Letter was sent to the Scappoose City Attorney and local law enforcement.

23.      The Letter threatened criminal and civil liability for failure to comply.

24.      As Plaintiff subsequently learned in response to his motion for temporary restraining order in this action, the accusations in the letter arose entirely from (1) text messages sent between six and seven years prior that, as far as he knew, had never been unwanted or considered harassing by their recipient; and (2) Plaintiff's purported criticism of dispatchers and other District employees.

25.      Plaintiff denies having engaged in any untoward conduct. But even if he had, Ninth Circuit law clearly forbids public bodies from imposing across-the-board bans from public buildings for purposes of attending public meetings, and the across-the-board ban on attending public meetings in person were not reasonably related to the purported concerns professed in the Letter.

26.      Plaintiff would like to attend all future meetings in person, as he has done consistently since 2015 (with the exception of the COVID-19 public health emergency). Doing so is important to his role as 9-1-1 Communications liaison to the City of Scappoose City Council and is his right as an Oregon citizen residing within the District's service area.

27.      Furthermore, attending meetings remotely is materially different from attending in-person. For example, over Zoom, the directors frequently leave their cameras off so it is impossible to observe them or evaluate their credibility, or sometimes to know who is speaking. Moreover, presenting one's views in person, or sitting across the room from policymakers and looking them in the eye as they make decisions, often is more impactful and serves an expressive purpose that is important to the process of making policy and petitioning government.

28.      Plaintiff seeks a declaration from this Court that Defendants' ban on Plaintiff's in-person attendance at public District meetings violates his First Amendment right to expression.

29.      Plaintiff seeks an injunction prohibiting Defendants from banning Plaintiff from attending the District's in-person meetings.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

**Count 2 – Violation of First Amendment right to association or assembly**

30.     On March 13, 2023, Plaintiff obtained a temporary restraining order in this action. In direct response to the TRO and to the prospect of Plaintiff's attending the District's public board meetings (as he had done over 100 times before without incident), the District designated its next board meeting, on March 30, to be "virtual."

31.     At the March 30 "virtual" meeting, several board members were present at the board's meeting room at District headquarters; the rest attended by Zoom. The executive director also was present in person. The public, however, could only attend remotely.

32.     At the March 30 meeting, the District deactivated Zoom's chat features for public participants and set up the Zoom meeting such that attendees could not see who else was attending. These were new changes; for the entirety of the COVID-19 emergency when Zoom meetings were the only means of attending board meetings, chat was possible and public attendees could see which members of the public were also attending.

33.     At the March 30 meeting, the board members attending virtually kept their cameras off, and several of the board members attending at District headquarters were not visible on the screen. The audio also was spotty and it was difficult to decipher who was speaking.

34.     All meetings since March 30 have been conducted in a similar fashion, with some board members (and District lawyers) attending in person, other board members attending virtually, the public banished to the Internet, and a spotty connection with stripped-down Zoom functionality. Here is a screenshot from the June 15, 2023 board meeting:



Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

35.    In so doing, Defendants have violated, and continue to violate, Plaintiff's and the public's First Amendment right to associate or assemble.

36.    The Court should award nominal damages, and issue an injunction prohibiting Defendants, and those acting in concert with them, from prohibiting members of the public from being physically present in spaces open to the public where a District board meeting is being conducted in whole or in part.

**Count 3 – First Amendment retaliation**

(First Amendment retaliation in violation of 42 U.S.C. § 1983)

37.    Plaintiff incorporates paragraphs 1 through 27 as though set forth here in full.

38.    Plaintiff has been a stalwart opponent of the District's efforts to permit Motorola to submit an exclusive "sole source proposal," which could allow the District to award a $20,000,000 to $35,000,000 contract to Motorola, without a fair an open competitive bidding process.

39.    Plaintiff frequently has discussed the Motorola proposal, and questioned District directors about it, when attending District meetings.

40.    Plaintiff also is vocal in his opposition to a proposed systems merger of the District with the 9-1-1 agency in neighboring Washington County.

41.    In May 2023, there was an election for three of the five District director positions. Plaintiff promoted candidates to run for those positions who, among other things, share Plaintiff's concerns about the Motorola proposal and the potential systems merger. One of those candidates was elected to the District board.

42.    Plaintiff believes, and based upon that belief alleges, that his being banned from attending in-person District meetings, from setting foot on District property, and from being able to use District communications systems, was a retaliatory act by Defendants, in concert with Executive Director Michael Fletcher, in response to (a) Plaintiff's exercise of the right of speech and petition in relation to the Motorola Solutions proposal or the systems merger, and (b) his

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

efforts to change the composition of the District board to one that shares Plaintiff's views—both of which are activities protected by the First Amendment.

43.    The basis for Plaintiff's belief includes, at a minimum: (a) having attended <u>over 100</u> District meetings without incident, until Plaintiff voiced his opposition to the Proposals; (b) Defendants' shortening the time for public comment from 10 minutes to three minutes, when the directors began considering the Motorola Solutions proposal and the systems merger; (c) the fact that all of Plaintiff's communications, including the January 11 email and the February 17 Facebook post, have been professional in tone; (d) the proximity in time of the sending of the Letter to both the Facebook post and Plaintiff's opposition of the Proposals; (e) the District's request, through counsel, that Plaintiff or other Scappoose city councilors refrain from "comment and criticism" of the Proposals; (f) the amount of time that elapsed between the allegedly inappropriate texting and his being banned; and (g) the fact that despite multiple communications between the District's counsel and Scappoose officials in early 2023, the District's counsel did not once raise Plaintiff's allegedly untoward conduct or offer Plaintiff a chance to address the accusations against him before being banned.

44.    The contents of the Letter itself are further evidence of retaliatory motive. The purpose of the Letter appears to be to discredit, humiliate, and punish Plaintiff by creating a false public record accusing Plaintiff of engaging in unspecified "conduct [that] has created a hostile work environment."

45.    The Letter also implies, so that others may read in a public record, that Plaintiff has harassed or intimidated district employees, through conduct or "offensive, sexually explicit images," and "put employees in fear of you or fear that you will retaliate against them." Plaintiff has never engaged in the conduct of which the Letter accuses him and he knows of no legitimate basis for these accusations—other than to discredit him, his positions, and his preferred candidates in advance of the May 2023 election.

46.    Consistent with his view that the in-person ban and Letter are in retaliation for Plaintiff's First Amendment conduct, within one business day of the sending of the Letter, the

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

local news media became aware of its contents and the ban. Plaintiff believes, and on the basis of such belief alleges, that one or more Defendants, or someone in league with one or more of them such as Executive Director Michael Fletcher, informed the media of the Letter or its contents—in further retaliation against Plaintiff for engaging in speech and petition protected by the First Amendment.

47.    Plaintiff, a government official, has suffered reputational harm through this retaliatory conduct, including through (a) the Letter's false implication that he harasses government employees or sends offensive, sexually explicit materials to such employees, and (b) the dissemination to news media of the information contained in the Letter, including the ban on Plaintiff's in-person attendance. Plaintiff will supplement this Complaint as damages are incurred, but Plaintiff currently seeks nominal damages for purposes of this Complaint.

48.    Whether or not Plaintiff has suffered damages, Plaintiff seeks injunctive relief prohibiting Defendants from (a) imposing a blanket ban on his attending public District meetings in person; (b) banning him from District property; (c) banning him from use of District communications systems; and (d) retaliating against Plaintiff based on his speech or petition conduct.

## <u>SECOND CLAIM FOR RELIEF</u>

### Oregon Declaratory Judgment Act – violation of ORS 192.630(4)

(Against all defendants)

49.    Plaintiff incorporates and realleges the foregoing paragraphs as though set forth here in full.

50.    As relevant, ORS 192.630(4) requires that meetings of the governing body of a public body be held within the geographic boundaries over which the public body has jurisdiction, at the administrative headquarters of the public body, or at the nearest practical location.

51.    By banishing the public to attending public district meetings solely by Zoom, the District and those acting in concert with it have violated ORS 192.630 (4)(a) and will continue

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

violating that provision unless enjoined by the Court.

52.    Defendants have taken the position that ORS 192.670 authorizes them to relegate the public to the internet, but it does no such thing. ORS 192.670 by its terms is subject to ORS 192.630 (4)(a). ORS 192.670(1) ("Any meeting, including an executive session, of a governing body of a public body which is held through the use of telephone or other electronic communication shall be conducted in accordance with ORS 192.610 to 192.690."). Contrary to the manner in which Defendants have contorted the statute, the purpose of ORS 192.670 is to expand the public's access to meetings conducted in the manner required by ORS 192.610-.690.

53.    The Legislature knows how to authorize public bodies to conduct all meetings remotely, which it did during the COVID-19 emergency. In language now repealed due to the end of the COVID-19 emergency, the Legislature provided the means by which a public body could conduct online-only meetings:

> Sec. 1. (1) Notwithstanding ORS 192.610 to 192.690, the governing body of a public body may hold all meetings by telephone or video conferencing technology or through some other electronic or virtual means. When a governing body meets using telephone or video conferencing technology, or through other electronic or virtual means, the public body shall make available a method by which the public can listen to or observe the meeting. If a governing body meets using telephone or video conferencing technology, or through other electronic or virtual means:
>
> (a) The public body does not have to provide a physical space for the public to attend the meeting; and
>
> (b) If the telephone or video conferencing technology allows the public body to do so, the public body shall

Page 12 – FIRST AMENDED COMPLAINT

record the meeting and make the recording available to
the public. This paragraph does not apply to executive
sessions.

*See* 2020 s.s.1 c.12 § 1.

54.    Pursuant to ORS 28.020, the Court should declare that by banishing the public to
virtual attendance exclusively, the District, and those acting in concert with it, are in violation of
ORS 192.630 (4)(a), and enjoin further violation.

WHEREFORE, Plaintiff prays for entry of judgment as follows:

1.  On Count 1 of the First Claim for Relief:

    a.  A declaration that Defendants have violated Plaintiff's First Amendment
        right to expression by banning him from attending public District meetings
        in person;

    b.  An injunction prohibiting Defendants, and all those acting in concert with
        them or subject to their supervision, from banning Plaintiff from attending
        public District meetings in person; and

    c.  Attorney fees and expert fees pursuant to 42 U.S.C. § 1988;

2.  On Count 2 of the First Claim for Relief:

    a.  Damages in the amount of at least $1, the precise amount to be proven at
        trial;

    b.  An injunction prohibiting Defendants, and all those acting in concert with
        them or subject to their supervision, from

        i.   imposing a blanket ban on his attending public meetings in person;

        ii.  banning Plaintiff from District property;

        iii. banning Plaintiff from using District communication systems; and

        iv.  retaliating against Plaintiff based on his speech or petition conduct;
             and

Page 13 – FIRST AMENDED COMPLAINT

     c.  Attorney fees and expert fees pursuant to 42 U.S.C. § 1988;

3.  On Count 3 of the First Claim for Relief:

     a.  A declaratory judgment that by preventing Plaintiff from being physically present where District board meetings are being conducted at least in part, Defendants are violating Plaintiff's First Amendment right to association or assembly;

     b.  An injunction prohibiting Defendants, and those acting in concert with them, from prohibiting members of the public from being physically present in spaces open to the public where a District board meeting is being conducted in whole or in part; and

     c.  Attorney fees and expert fees pursuant to 42 U.S.C. § 1988;

4.  On the Second Claim for Relief:

     a.  A declaratory judgment, pursuant to ORS 28.020, that Defendants are violating ORS 192.630(4);

     b.  An injunction prohibiting the District, and those acting in concert with them, from conducting public board meetings exclusively by remote means absent extenuating circumstances; and

     c.  Attorney fees based on the substantial benefit that pursuing this claim will confer on members of the public.

5.  On all claims and counts:

     a.  Costs; and

     b.  Such other and further relief as the Court deems just or necessary.

DATED this 29th day of June, 2023.

SNELL & WILMER L.L.P.

/s/ Clifford S. Davidson
Clifford S. Davidson, OSB No. 125378
Drew L. Eyman, OSB No. 163762
Attorneys for Plaintiff Tyler Miller

\4887-4790-2826

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800