Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:  503.624.6800
Facsimile:  503.624.6888
Attorneys for Plaintiff Tyler Miller

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| TYLER MILLER, an individual, | Case No. 3:23-cv-00293-SI |
| Plaintiff, | |
| vs. | PLAINTIFF'S MOTION TO ENFORCE SUBPOENA |
| HENRY HEIMULLER, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; BRUCE HOLSEY, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; JEFF FLATT, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; SHELLEY HENNESSY, in her official capacity as Board Member of the Columbia 9-1-1 Communications District; and the COLUMBIA 9-1-1 COMMUNICATIONS DISTRICT, an Oregon municipal corporation, | |
| Defendants. | |

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 26-3(b), because it contains 1,965 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## LR 7-1 CERTIFICATION

Counsel for Plaintiff Tyler Miller certifies that he conferred with counsel for non-party Chandra Egan, and that the parties did not resolve this motion.

## MOTION

Plaintiff Tyler Miller issued a non-party subpoena to Chandra Egan on April 5, 2023.[1] The subpoena initially sought, among other things, a copy of Egan's Facebook/Meta Profile. Counsel for Miller and Egan conferred, which resulted in an agreement to narrow the document request to Egan's communications, via Facebook/Meta, regarding Miller. Despite Miller's reasonable efforts to limit the scope of the subpoena and even provide instructions to Egan as to how to download and her Facebook/Meta Profile, Egan claims the search of her Facebook/Meta profile is an undue burden and seeks to shift unreasonable and unnecessary costs for a third-party discovery vendor onto Miller. Miller respectfully requests this Court compel Egan to comply with the subpoena at no cost to Miller, pursuant to Federal Rule of Civil Procedure 45, and do what every other non-party witness does when served with a subpoena: either retrieve and review readily available documents herself or elect to have an attorney do so for her.[2]

---

[1] As the Court might recall, defendants cite complaints by Egan concerning Miller as the reason defendants excluded Miller from public meetings, Columbia 9-1-1 Communications District property, etc.

[2] Undersigned counsel is informed that Egan has been provided counsel for free—undercutting an argument regarding expense of engaging counsel.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

I.    **BACKGROUND**

The underlying action involves Miller's claim that the Columbia 9-1-1 Communications District (the "C911CD") violated several of Miller's First Amendment rights and statutes related to public meetings. To justify its unconstitutional actions, C911CD claims that Miller sent inappropriate messages to Egan over six years ago, creating a hostile work environment. Miller contends that the messages (though foolish) were not harassing, and that defendants are citing them now as a pretext for retaliation. To probe the veracity of C911CD's claim of harassment, to understand whether Egan was biased against Miller for any reason (including his campaign for Scappoose City Counsel), and to see whether Egan was in cahoots with C911CD's effort to ban Miller for retaliatory reasons, Miller subpoenaed Facebook/Meta documents from Egan. Miller knows Egan to be active on that platform.

Miller sent Egan a subpoena for documents on April 5, 2023. A copy of the original Subpoena is attached to the Davidson Declaration as Exhibit 1. The Subpoena required Egan to produce a "complete, native copy of [her] Facebook/Meta profile from January 1, 2016, to the present, including private messages of a sexual or bawdy nature." *See* Ex. 1. The Subpoena required Egan to produce such documents by April 19, 2023. *Id.*

C911CD moved to quash the subpoena on behalf of Egan. The Court denied the motion for lack of standing. After the Court's ruling, Egan produced some documents. In an effort to reduce the burden on Egan and in response to the Court's ruling, Miller agreed to narrow his request for Facebook/Meta documents to just Egan's messages, posts, or direct messages regarding Miller. Miller even provided Egan with instructions on how to download her profile in a searchable PDF or HTML format. Miller also offered to have his attorneys review a download of her Profile as "attorney eyes only" and to inform Egan of what posts or messages were deemed responsive by Miller's attorney prior to removing the attorney eyes only designation. A

Page 2 – MOTION TO ENFORCE SUBPOENA

copy of the email correspondence between Egan and Miller's counsel is attached to the Davidson Declaration as Exhibit 2.

Despite these concessions and offers, Egan has refused to comply with the Subpoena unless Miller agrees to pay expenses related to Egan's hiring of a third-party vendor to download and review her Facebook/Meta posts and messages—something entirely unnecessary. Ex. 2. The Court should compel Egan to respond to the Subpoena without any cost shifting to Miller.

## II.    LEGAL ARGUMENT

### A.    Standards for Third-Party Subpoenas

When properly served with a Rule 45 subpoena, a non-party has three options: (1) comply with the subpoena, (2) serve timely objections, or (3) move to quash or modify the subpoena. *In re Plise*, 506 B.R. 870, 878 (9th Cir. 2014). The recipient of the non-party subpoena may request that the Court shift costs to the issuing party, but the Court is only required to shift a non-party's costs of compliance with the subpoena if the costs are *significant*. Rule 45(d)(2)(B)(ii); *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

Whether a cost is significant is a subjective standard. *United States v. McGraw-Hill Cos., Inc.*, 302 F.R.D. 532, 536 (C.D. Ca. 2014) ("[A]n expense might be 'significant,' for instance, to a small family-run business, while being 'insignificant' to a global financial institution."). Any costs requested by the non-party must be necessary to comply with the subpoena. *Id.* ("Rule 45 does not cut a blank check to non-parties—unnecessary or unduly expensive services do not 'result from compliance' and, therefore, do not count as 'expenses.'"); *see also In re Blue Cross Blue Shield Antitrust Litigation*, No. 2:13-cv-20000-RDP 2018 WL 1142554, at *2 (N.D. Al. Oct. 24, 2018) ("[T]he non-party is not automatically entitled to fully shift its entire costs to the serving party. From the plain language of the rule, only those expenses 'resulting from compliance' can be shifted to the requesting party. * * * Moreover, the requesting party is

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

required to bear only 'significant' expenses, not all expenses."). Courts are skeptical as to whether "services provided by an attorney to a non-party for the non-party's sole benefit and peace of mind can be counted as expenses." *McGraw-Hill*, 302 F.R.D. at 536 (internal quotations omitted) (quoting *O'Chesky v. Koehler*, No. 12-cv-00222 2013 WL 2422706 (N.D. Tex. June 4, 2013)); *Blue Cross*, 2018 WL 1142554, at *3 (citing *id.*).

The court may hold a non-party in contempt for failure to obey the subpoena or may otherwise order compliance. FRCP 45(g); Rule 45(2)(B)(i) ("[T]he serving party may move the court* * *for an order compelling production or inspection."); *see also Golden v. Am. Pro Energy*, No. EDCV 16-891-MWF (KKx), 2018 WL 1426341, at * 2 (C.D. Ca. Feb. 15, 2018) ("A non-party is subject to – and will be required to comply with – a valid, properly served Rule 45 subpoena"). The court has latitude to hold a non-party in contempt, but courts typically order compliance with a subpoena before finding contempt. *Estate of Osborn-Vincent v. Ameriprise Financial Services, Inc.*, No. 16-cv-02305-YY, 2019 WL 4899663, at *2 (D. Or. Sept. 3, 2019) ("In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena[.]") (quoting Advisory Committee Notes, Fed. R. Civ. Pro. 45 (2013)).

A non-party may only refuse to comply with a subpoena if it has an "adequate excuse." Rule 45(g). Adequate excuse is not defined under the federal rules, but courts have generally held that the inability to comply with a subpoena is an adequate excuse. *LHF Productions, Inc. v. Doe-73.37.70.66*, Case No. 3:17-cv-241-AC 2017 WL 3130121, *1 (D. Or. July 21, 2017) (simplified). A party is "unable" to comply with a subpoena when the documents do not exist, have been destroyed, or are in the possession or control of another. *See, e.g.*, *Acosta v. La Piedad Corp.*, 894 F.3d 947 (8th Cir. 2018) (finding that the non-party was unable to comply because a

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

corporation is not in possession or control of documents of its shareholders); *Instant Technology,*

*LLC v. DeFazio*, No. 12 C 491, 2013 WL 228685, *3-4 (N.D. Ill. 2013) (denying an order for

contempt because installation of a new computer system inadvertently destroyed the requested

documents). Although the "advice of counsel" to not respond to a subpoena is not an adequate

excuse, courts generally respond by requiring the documents be produced rather than initially

holding the non-party in contempt. *Mattie T. v. Johnston*, 74 F.R.D. 498, 502 (N.D. Mi. 1976)

(citing Wright & A. Miller, Federal Practice and Procedure § 2462 (1971)).

      **B.**     **<u>Egan should comply with the subpoena at no cost to Miller.</u>**

      The subpoena for Egan's posts and messages on her Facebook/Meta profile related to or

discussing Miller do not pose an undue burden. Egan's profile is certainly within her possession

and control, and Facebook/Meta publishes clear instructions as to how Egan can download her

own profile in a searchable format. Miller has provided these instructions to Egan on more than

one occasion, and Miller's attorneys have even offered to review Egan's entire profile under an

"attorney eyes only" designation. Regardless, Egan maintains that she cannot perform the search

herself, and that if Miller insists on the collection of these documents, then Miller must pay

thousands of dollars to hire a third-party discovery vendor. *See* Ex. 2. Egan's position regarding

these "costs" is unreasonable, and she has failed to otherwise raise an adequate excuse as to why

she cannot otherwise comply with the subpoena. Accordingly, the Court should grant this

motion.

      Egan has obtained counsel to help her navigate her response to the Subpoena. *See* Ex. 2.

The collection and search of a social media profile is well within an attorney's role in the regular

course of discovery. *See Burke v. BNSF Railway Co.*, No. 12-1161, 2014 WL 12734912 (C.D. Il.

April 10, 20114) ("[W]hen the relevancy requirements of Rule 26 are met, a party's Facebook

account should be discoverable."). Miller's subpoena is a reasonable, narrowly tailored request

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

within the ordinary course and scope of discovery, even for a non-party. *See Adkisson v. Jacobs Engineering Grp.*, No.: 3:13-CV-505-TAV-HBG, 2020 WL 6549386, at *3 (E.D. Tn. Nov. 6, 2020) (denying a Motion to Quash because "the subpoenas do not impose an undue burden and are proportional to the needs of the case, as they do request access to all of [the non-parties'] social media pages, but rather are narrow in scope and limited to obtaining evidence that is relevant to the instant case[.]").

 Egan's request to shift the costs of compliance is nothing more than her shifting the expense of her attorney reviewing the documents to a third-party vendor. Egan's choice to have an attorney or a vendor to review her profile for her "peace of mind," does not convert Miller's request a "significant expense," and is therefore not an undue burden that can be passed onto Miller. *See McGraw-Hill*, 302 F.R.D. at 536. ("[U]nnecessary or unduly expensive services do not 'result from compliance' and, therefore, do not count as 'expenses.'"). As discussed herein, Egan can comply with the subpoena at no additional expense to herself. There's no reason why Miller should be required to bear these additional, unnecessary costs.

 Further, the estimate proposed by Egan's vendor is unreasonable. *See* Ex. 2. Facebook/Meta have procedures for downloading a user's profile in a searchable format, at no cost to the user. Ex. 2. It would be unreasonable to require Miller to pay a vendor $2,500.00 for merely *collecting* Egan's profile, when this is something that Egan can do herself at no cost. Egan's vendor also requires an additional $350.00 an hour for a *manual* search of her profile. There's no reason why anyone, let alone Miller, should be required to pay a vendor for a manual search of Egan's profile, when it can be downloaded in a searchable format—or even printed to a PDF, at which point Egan or her counsel (or a paralegal) could do a CTRL-F search of the PDF.

 / / /

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

### III.    <u>CONCLUSION</u>

Egan has not substantiated her assertion that she must pass costs onto Miller. As such, the

Court should grant Miller's Motion to Enforce the Subpoena.


DATED this 13th day of September, 2023.

SNELL & WILMER L.L.P.


*s/ Clifford S. Davidson*
Clifford S. Davidson, OSB No. 125378
Drew L. Eyman, OSB No. 163762
Attorneys for Plaintiff Tyler Miller

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2023, I caused to be served a full and exact copy of

the foregoing **MOTION TO ENFORCE SUBPOENA** on the following:

**VIA CM/ECF:**

Karen O'Kasey
Hart Wagner LLP
10000 SW Broadway, 20th Floor
Portland, OR 97205
kok@hartwagner.com
       Attorneys for Defendants

**VIA EMAIL AND FIRST CLASS MAIL:**

Ron Downs
Special Districts Association
727 Center Street NE, Suite 208
Salem, OR 97301
rdowns@sdao.com
       Attorneys for Non-Party Chandra Egan


Dated:  September 13, 2023


       s/ Clifford S. Davidson
       Clifford S. Davidson, OSB No. 125378

4873-7775-0910

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800