Karen O'Kasey, OSB No. 870696
E-mail: kok@hartwagner.com
HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301
<u>Attorneys for Defendants</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TYLER MILLER, an individual<br><br>Plaintiff,<br><br>v.<br><br>HENRY HEIMULLER, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; BRUCE HOLSEY, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; JEFF FLATT, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; and SHELLEY HENNESSY, in her official capacity as Board Member of the Columbia 9-1-1 Communications District, and the COLUMBIA 9-1-1- COMMUNICATIONS DISTRICT, an Oregon Municipal corporation,<br><br>Defendants. | Case No 3:23-cv-00293-SI<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendants respond to plaintiff's motion as set forth below.  This response is supported

by the following legal memorandum, the declarations previously filed, and the pleadings on file

herein.

## **FACTUAL BACKGROUND**

In January of 2023, C911 employee Chandra Egan complained to C911 executive

director Michael Fletcher about past interactions she had with plaintiff Miller.  She provided text

**Page 1 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

messages Miller sent her after learning that Miller was seeking reinstatement as a reserve deputy (Egan Decl. Dkt. 11).  The extensive series of text messages between she and Miller included numerous inappropriate and sexually offensive comments by Miller (Egan Decl. Dkt. 11).

Egan's concern was that if Miller was reinstated, he would have access to Columbia 911 employees.  Egan reported that she was not comfortable being physically present at board meetings when Miller was also there in person (Egan Decl. Dkt. 11).  Part of Egan's job duties required her to attend board meetings in person.

Additionally, C911 employee Dannell Hooper also reported concerns about Miller to Mr. Fletcher in January of 2023.  These complaints related to Miller's conduct when he was a reserve deputy and her concerns that Miller continued "harassment" of dispatchers even after he was no longer a reserve deputy (Hooper Decl. Dkt. 12).  As a result of these complaints, the district retained Heather Van Meter of Bullard Law to investigate the employees' concerns.  Ms. Van Meter's investigative report was finalized and sent to general counsel for C911 on February 6, 2023 (O'Kasey Decl. ¶ 2, Ex 1, Dkt. 41).

Ms. Van Meter's investigation revealed numerous concerns by employees and anxiety related to Miller's behavior towards district employees, particularly dispatchers.  Employees also reported avoiding attending meetings in person due to personal safety concerns regarding Miller and being afraid to even mention or report their personal safety fears because of a concern that Miller would retaliate against them as established by his long history of either suing C911 or threatening to sue C911 (Van Meter Decl. Dkt. 42).

Ms. Van Meter's report was provided to the board members on February 6, 2023.  Based on this report, the defendants voted to exclude Miller from attending board meetings in person, from contacting district employees directly, and from entering district premises or property.

**Page 2 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

C911 counsel Michael Peterkin notified plaintiff that he was not permitted to enter on to district premises, attend public meetings in person, or contact employees directly. Plaintiff then filed this lawsuit.

The original complaint alleged: (1) a First Amendment violation claim based on plaintiff's exclusion from in-person attendance at the meetings; and (2) a First Amendment retaliation claim based on the same exclusion (Dkt. 1). After a hearing on plaintiff's motion for a temporary restraining order, the court held that if C911 meetings were held in-person with members of the public being allowed to attend, plaintiff could not be barred from those meetings (Dkt. 20).

The plaintiff then moved for a preliminary injunction. The court again held that if board meetings were in person, plaintiff must be allowed to attend in person as well. The court did not grant the preliminary injunction as to the restriction on Miller from entering C911 premises otherwise, or from contacting certain C911 employees outside of public meetings.

Plaintiff subsequently filed a First Amended Complaint alleging the following claims: (1) a First Amendment violation claim based on the district's ban of Miller from in-person attendance at meetings; (2) a First Amendment right to association and/or assembly claim based on the district holding virtual meetings; (3) a First Amendment retaliation claim, alleging that the ban was issued in retaliation for free speech activities, and (4) a declaratory judgment action alleging that the board was violating ORS 192.630(4), which governs meetings of a public body (Dkt. 89).

Plaintiff moves for summary judgment on all but the First Amendment retaliation claim.

///

///

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

<u>**LEGAL MEMORANDUM**</u>

1.    <u>The ORS 192.630(4)(a) Violation Claim</u>.

Since plaintiff's declaratory relief and association/assembly claims are based on how C911 holds public meetings, defendants address the Oregon statutory issues first, as those control this issue.

At the outset, as of September 24, 2023, the statutory scheme in place at the time of plaintiff's complaint will no longer be effective. The legislature recently amended ORS 192.610, the definitions section applying to public body meetings subject to ORS 192.610 through 192.690.

The new pertinent part of the statute provides:

"As used in ORS.192.610 to 192.690:

(1) "Convening" means:

(a) gathering in a physical location;

(b) using electronic, video or telephone technology to be able to communicate contemporaneously among participants;

(c) using serial electronic written communication among participants; or

(d) using an intermediary to communicate among participants."

Prior to this amendment, the section on "convening" did not exist. The legislature did not modify the remaining parts of ORS 192.610. It added only the new Section one, specifically defining "convening" for purposes of public body meetings.

As a result, under ORS 192.670(1), which requires public meetings to be held in accordance with ORS 192.610, a public body can now hold meetings that are completely virtual.

**Page 4 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

Additionally, ORS 192.630, also subject to the provisions of ORS 192.610, can no longer be construed as mandating in-person meetings.  As a matter of law, any virtual meetings that the district holds in the future are statutorily permissible.  As plaintiff acknowledges, the district held in-person board meetings in July and August.  If the board chooses to return to virtual only meetings after the enactment of the amendments to ORS 192.610, those actions are statutorily permissible irrespective of plaintiff's claims about how the virtual meetings were held.  Plaintiff's analysis about the existing statutory language becomes moot.

Even for purposes of the now discrete time period at issue, the board complied with the statutes.  ORS 192.670 allowed a public body to hold meetings by means of telephone or other electronic communication:

>(1) Any meeting, including an executive session, of a governing body of a public body which is held through the use of telephone or other electronic communication shall be conducted in accordance with ORS 192.610 to 192.690.

>(2)  When telephone or other electronic means of communications is used and the meeting is not an executive session, the governing body of the public body shall make available to the public at least one place where, or at least one electronic means by which the public can listen to the communication at the time it occurs.  A place provided may be a place where no member of the governing body of the public body is present.

>(3)  All meetings held by a governing body of a public body, excluding executive sessions, must provide to the members of the general public, to the extent reasonably possible, an opportunity to:

>(a)  Access and attend the meeting by telephone, video or other electronic or virtual means;

>(b) If in-person oral testimony is allowed, submit during the meeting oral testimony by telephone, video or other electronic or virtual means; and

>(c) If in-person written testimony is allowed, submit written testimony, including by electronic mail or other electronic means,

**Page 5 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

so that the governing body is able to consider the submitted
testimony in a timely manner.

In turn, ORS 192.630 provides in relevant part:

> (1) All meetings of the governing body of a public body shall be
> open to the public and all persons shall be permitted to attend any
> meeting except as otherwise provided by ORS 192.610 to 192.690.
>
> (4)(a) Meetings of the governing body of a public body shall be
> held:
>
>> (A) Within the geographic boundaries over which the
>> public body has jurisdiction;
>>
>> (B) At the administrative headquarters of the public body;
>>
>> (C) At the nearest practical location; or
>>
>> (D) If the public body is a state, county, city or special
>> district entity, within Indian country of a federally
>> recognized Oregon Indian Tribe that is within the
>> geographic boundaries of this state.  For purposes of this
>> subparagraph, "Indian country" has the meaning given that
>> term in 18 U.S.C. 1151.

On its face, the requirements of ORS 192.630(4)(a) are subject to the exceptions as

"otherwise provided by ORS 192.610 to 192.690."  ORS 192.670, which is encompassed in the

exception, specifically allows a public body to hold a meeting by telephonic or other electronic

communication means.  Contrary to plaintiff's assertion, no in-person attendance by either board

or members of the public was ever statutorily required.  *Handy v. Lane County*, 360 Or. 605, 607

(2016) (board can meet either in person or electronically).

All the then-existing requirements regarding video meetings were met by C911.  Nothing

in ORS Chapter 192 required any certain process during virtual meetings other than those in

ORS 192.670.  There are no requirements in ORS 192.670 that any particular camera angle be

available, that any particular messaging system be available, or that attendees be able to "chat"

**Page 6 – DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

with other attendees.  Additionally, a public body was never required to allow either written or oral testimony at public meetings in any event.  ORS 192.630 (requiring only that the public be permitted to attend meetings consistent with ORS 192.610).

Plaintiff wants the court to insert language into the statutes that does not exist.  If the legislature wanted to amend ORS 192.630 to clarify that all meetings must be held in person under all circumstances, it could have done that.  When it earlier revised ORS 192.670, it also could have included language stating that despite the enactment of the statute, public bodies still needed to hold meetings in person under all circumstances.

The Oregon Supreme Court has made clear what the appropriate methodology of statutory construction is, which is to discern what the legislature that enacted the statute in question had in mind at the time the legislature enacted the statute at issue.  *State v. Gaines*, 346 Or 160, 171 (2009); *Bolt v. Influence, Inc.*, 333 Or 572, 581 (2002) (of particular importance is the rule of construction that the court is not to omit what has been inserted or insert what has been omitted).   The district's meetings, whether held in-person or virtually never violated the public meetings laws and given the new controlling statute, will not do so in the future.  The motion for declaratory relief should be denied.

2.      The Freedom of Association Claim.

There is no federal constitutional right to be heard whenever a public body meets or deliberates.  *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 283 (1984).  Public bodies may hold closed meetings, restrict public comment to items on the agenda, or forego input at their meetings altogether without running afoul of the constitution or federal law.  *Id.*

While state statutes may impose additional requirements, there are no specific constitution requirements under federal law for public bodies which hold meetings.  *Service*

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

*Employees International Union Local 73 v. Board of Trustees of the University of Illinois,* 2023 WL 3587534 at 4 (2023); *Woodcliff Lake Citizens Against Overdevelopment Inc. v. Borough of Woodcliff Lake*, 2022 WL 87440 (2022) (no procedural due process violation when public meetings held virtually pursuant to statute).

As plaintiff states, freedom of association claims largely has been subsumed by freedom of assembly law.  In determining whether there is a First Amendment right of access to a public proceeding, the test is whether the proceeding has historically been open to the public and whether public access plays a significant positive role in the functioning of the particular proceeding.  *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980).

However, no decision cited by plaintiff holds that once there is a requirement that a meeting be "open to the public" that there is a parallel constitutional requirement of in-person attendance.  In *McCaleb v. Long*, 2023 WL 2602507 (2023), the court addressed a complaint that the public entity was not providing access to its meetings.  In addressing this claim, the court acknowledged that the controlling statute (just like the statute under Oregon law in this case), requires only that the meetings be "open to the public," a requirement that may be satisfied without both in-person and virtual access as long as either kind of access is available.  *Id.* at 6. The court required the public body to hold open meetings but made it clear that that requirement could be met by either live streaming or allowing in-person attendance.

Here, no violation of plaintiff's assembly or association rights occurred when he attended board meetings in-person.  Additionally, pursuant to the then-existing statute, the board was entitled to hold virtual meetings.  As of September 24, 2023, that right is even clearer as it is now specifically enumerated in the definition of "convene" for purposes of all public meetings. Plaintiff's motion on the freedom of association claim should be denied for those reasons.

**Page 8 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

3.    <u>The First Amendment Violation Claim</u>.

Local governmental body meetings open to the public are considered "limited public fora" for First Amendment analysis purposes. *Reza v. Pearce*, 806 F.3d 497, 502 (9th Cir. 2015). Plaintiff was never excluded from attending the meetings. Plaintiff was instructed that he could attend via remote means, make any comments he wanted to, and record the meetings. Plaintiff has conflated his alleged "association" claims with his First Amendment expression claims. As discussed above, plaintiff has no federal constitutional right to require C911 meetings be held in person. The controlling statutes imposed no such obligation either.

Plaintiff was never denied his right to express whatever opinions he had—it was the method in which those expressions could be made of which he complained.

Plaintiff argues that the alternative to his physical presence was insufficient considering the purpose of the C911 meetings, relying on this court's decision in *Walsh v. Eng*, 154 F.Supp.3d 1113 (2015). *Walsh* presented the court with a much different fact situation. In *Walsh*, the Portland city council enacted an ordinance allowing individuals to be barred from council meetings for disruptive conduct. The city argued that barring plaintiff was constitutional because it offered plaintiff alternative modes of participation: (1) watching the meetings live online; (2) viewing the upcoming agenda for meetings online and then submitting written comments to the council clerk; and (3) scheduling appointments with city offices. Under the city's proposed scenario in *Walsh*, plaintiff would not have the opportunity to communicate during the actual council meeting itself.

No such limitation is present here. The only difference in plaintiff's attendance and participation was that one was by remote means and one was in person. Here, plaintiff's various opinions regarding a number of topics were never excluded. His written and/or verbal

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

communication was never restricted in any way.  Plaintiff was free to post, write, comment,

record, and respond live during meetings to all topics raised during the public comment sessions.

    While plaintiff may, on the facts, have a triable issue on his *retaliation* claim, which is

not the subject of this motion, plaintiff is not entitled to judgment as a matter of law on his First

Amendment violation claim, as there is no constitutional requirement that public bodies hold in-

person meetings at all.  As set forth in the factual section of this response, defendants had

legitimate, non-discriminatory reasons for excluding plaintiff from those meetings.  At the very

least, there is a question of fact about the reasons for exclusion, particularly because plaintiff's

speech was never suppressed.

## CONCLUSION

    For the above reasons, plaintiff's motions should be denied.

    DATED this 22nd day of September, 2023.


HART WAGNER LLP


By:   */s/ Karen O'Kasey*

    Karen O'Kasey, OSB No. 870696
    Of Attorneys for Defendants


**Page 10 – DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2023, I served the foregoing

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY**

**JUDGMENT** on the following party at the following address:

Clifford S. Davidson
Drew L. Eyman
Snell & Wilmer LLP
1455 SW Broadway Ste 1750
Portland OR  97201
    *Of Attorneys for Plaintiff*


by electronic means through the Court's Case Management/Electronic Case File system.



/s/ *Karen O'Kasey*
Karen O'Kasey

Page 1 – CERTIFICATE OF SERVICE