IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TYLER MILLER,** an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>**HENRY HEIMULLER**, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; **BRUCE HOLSEY**, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; **JEFF FLATT**, in his official capacity as Board Member of the Columbia 9-1-1 District; **SHELLEY HENNESSY**, in her official capacity as Board Member of the Columbia 9-1-1 Communications District; and **the COLUMBIA 9-1-1 COMMUNICATIONS DISTRICT**, an Oregon Municipality corporation,<br><br>      Defendants. | Case No. 3:23-cv-293-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

      Plaintiff Tyler Miller, a Scappoose City Councilor within Columbia County, sued Defendants Henry Heimuller, Bruce Holsey, Jeff Flat, and Shelley Hennessy in their official capacities as board members of the Columbia 9-1-1 Communications District ("C911"). He alleges that Defendants violated his First Amendment rights by banning him from attending

PAGE 1 – ORDER

C911 public meetings, entering C911 premises, and communicating with C911 personnel. This Court partially granted Plaintiff's preliminary injunction and enjoined Defendants from preventing Plaintiff's physical presence at C911 public meetings. Plaintiff now brings a motion to modify that preliminary injunction. He asks the Court to enjoin Defendants from reducing the amount of time that community members may speak at C911 meetings. For the reasons stated below, the Court denies Plaintiff's motion to modify the existing preliminary injunction.

## STANDARDS

Preliminary injunctions are interlocutory orders, and as such, district courts have the power to dissolve, vacate, or modify a preliminary injunction at any time before final judgment is entered. *Index Newspapers LLC v. City of Portland*, 2022 WL 72124, *2 (D. Or. Jan. 7, 2022) (citing *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005)). A motion to dissolve, vacate, or modify a preliminary injunction under Rule 54, however, must be "based on new circumstances that have arisen after the district court granted the injunction." *Credit Suisse*, 400 F.3d at 1125. "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants a revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). The party must first prove that the significant change in circumstance arose and second that it warrants a revision to or dissolution of the injunction. *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019). The latter inquiry "should be guided by the same criteria that govern the issuance of a preliminary injunction." *Id.*

## BACKGROUND[1]

Plaintiff Tyler Miller is an Oregon citizen who resides in Scappoose. ECF 3 at 2. He serves on the Scappoose City Council and is the 9-1-1 Communications liaison between the City Council and C911. *Id.*; ECF 76 at 4. Defendants are Henry Heimuller, Bruce Holsey, Jeff Flat, and Shelley Hennessy, who serve on the C911 board. Plaintiff has attended more than 100 C911 meetings since 2015. ECF 3 at 2.

In January 2023, the C911 board considered two proposals that would alter its emergency contact system. *Id.* Plaintiff objected to these proposals and voiced his concerns in an email to several board members on January 11, 2023. *Id.* at 1; ECF 3-1 at 1-2. On February 23, 2023, the C911 board banned Plaintiff from attending its in-person public board meetings, entering C911 premises, and contacting C911 employees except in an emergency. ECF 3 at 2; ECF 3-1 at 16. Plaintiff initiated this action on February 28, 2023, suing Defendants in their official capacity as C911 board members. Plaintiff alleges that Defendants' ban constituted impermissible retaliation under the First Amendment,[2] and seeks declaratory, monetary, and injunctive relief under 42 U.S.C. § 1983. ECF 1 at 1-2. In March 2023, this Court granted Plaintiff's motion for a temporary restraining order, which sought to enjoin the portion of the ban that prohibited him from physically attending C911 in-person public meetings. ECF 20.

---

[1] The Court describes limited factual and procedural background information only as relevant to the pending motion, taken from evidence filed with the pending motion and with previous motions, including the motion for summary judgment and original motion for preliminary injunction. For a more detailed discussion of the background of this case, see the Court's discussion in its Opinion and Orders resolving the original motion for preliminary injunction, *Miller v. Heimuller*, 2023 WL 3559529, at *3-5 (D. Or. May 18, 2023), and motion for summary judgment, *Miller v. Heimuller*, 2024 WL 1075272 at *1-4 (D. Or. Mar. 12, 2024).

[2] Defendants contend that the ban was a direct response to complaints from several C911 employees about allegedly unsavory conduct from Plaintiff. *See* ECF 3-1.

PAGE 3 – ORDER

Plaintiff then moved for a preliminary injunction against the entire ban (specifically, (1) the prohibition on attending in-person meetings, (2) the prohibition on entering C911 property, and (3) the prohibition on communicating with C911 personnel beyond an emergency). ECF 75 at 2. In this motion, Plaintiff alerted the Court to an additional grievance: in September 2022, Defendants shortened the time for public comment from ten minutes to three minutes per person. *Id.* at 4; ECF 76-1 at 2. This policy applies to all community members, not Plaintiff alone. *See* ECF 76-1 at 2. Plaintiff noted that when he requested additional time to speak during a meeting in October 2022, Defendants denied the request and held him to the three-minute limit. *Id.* at 5. In his motion, however, Plaintiff did not ask the Court to enjoin Defendants' practice of limiting speaking time or seek any relief relating to that change in policy.

In May 2023, the Court partially granted and partially denied Plaintiff's motion for preliminary injunction. *Miller v. Heimuller*, 2023 WL 3559529 (D. Or. May 18, 2023). The Court extended its earlier holding that Defendants may not preclude Plaintiff from attending any in-person public C911 meetings. *Id.* at *11. The Court also held that Defendants may not preclude Plaintiff from contacting C911 employees, except for two specific individuals (Chandra Egan and Darnell Hooper) and anyone else for whom Defendants could show good cause to include. *Id.* Finally, the Court enjoined Defendants from prohibiting Plaintiff from petitioning the public body or making public records requests in the manner specified by Defendants for the public. *Id.*

In August 2023, Plaintiff moved for partial summary judgment. ECF 94. Although Plaintiff asserted in passing that Defendants shifted their policy from ten minutes to three minutes of speaking time to "suppress" his speech, his claims for relief rested on other arguments. *Id.* at 18. First, Plaintiff argued that by changing in-person meetings to a virtual

format, Defendants continued to violate his First Amendment right to expression. Second, Plaintiff argued that Defendants' ban on his in-person attendance and Defendants' later shift solely to virtual meetings violated Plaintiff's First Amendment right to association. *See generally id.* The Court partially granted and partially denied this motion. *Miller v. Heimuller*, 2024 WL 1075272 at *1-4 (D. Or. Mar. 12, 2024). The Court held that Plaintiff was entitled to summary judgment on the right of association claim but a genuine dispute of material fact existed with respect to whether Defendants' shift to virtual meetings was a reasonable limitation of Plaintiff's right of expression. *Id.* at *7, 12.

Eleven months after filing his summary judgment motion and approximately 22 months after the September 2022 rule limiting the speaking time at meetings to three minutes went into effect, Plaintiff filed the pending motion to amend his preliminary injunction. For the first time, he raises concerns about Defendants reducing speaking time further. *See* ECF 123 at 2-3. He argues that when he filed his first motion for a preliminary injunction, the proposals to which he objected were still at a preliminary stage. *Id.* Now, however, he contends that the C911 board is on the "doorstep" of approving the disputed contracts. *Id.* at 3. Plaintiff asserts that if the proposals to approve those contracts move forward, his "ability to adequately speak out against [them] will no longer matter." *Id.* In light of this impending approval, Plaintiff asks the Court to enjoin Defendants from continuing the 2022 reduction in public speaking time.

## DISCUSSION

The dispositive question in the matter now before the Court is the first inquiry in the test for modifying a preliminary injunction—whether there has been a significant change in facts or law in the time since the Court granted Plaintiff's preliminary injunction. *See Karnoski*, 926 F.3d at 1198. Plaintiff argues that "[s]ignificant new facts have arisen" since the preliminary injunction, namely that the contract proposals opposed by Plaintiff, which he contends "were

PAGE 5 – ORDER

essentially rumors at that time" are "now on the verge of transforming into awards." ECF 123 at 5. To support this assertion, Plaintiff offers evidence that C911 received a "final proposed bid" in April 2024, which the District reviewed in May, and that Defendants have since begun working with the Special Districts Association of Oregon to seek voter approval to finance the project. *See id.* He contends that because of the closeness to the proposals' passing, he has a more pressing need to speak in opposition and the time constraint is therefore a more problematic First Amendment restriction. *See id.* at 2. In their response, Defendants argue that "[t]he fact that there have been developments around the topic on which plaintiff wishes to speak—the radio contract—is not 'significant.'" ECF 129 at 6.

The Court agrees with Defendants and finds no "significant" change in facts since the preliminary injunction was entered. Although Plaintiff is correct that time has passed since the original injunction, and Defendants may be closer to approving the contracts than they were before, those developments are different from the types of factual changes that courts *have* found to be "significant." *See, e.g.*, *Karnoski*, 926 F.3d at 1199 (holding that modifications to challenged military policy were "significant" because of heightened review during their creation and substantive differences in specific provisions); *Index Newspapers LLC*, 2022 WL 72124 at *2-3 (holding that changes in location and tone of protests, size of auxiliary federal law enforcement staff, and revocation of an executive order that directed law enforcement to prosecute vandalism to the fullest extent were "significant"); *Lo v. County of Siskiyou*, 2022 WL 1505909 at *6 (E.D. Cal. May 12, 2022) (holding that changes in the geographic scope of the enforcement of an ordinance and the simplification of a permitting process, both of which responded to some of plaintiffs' primary criticisms in their original request for a preliminary injunction, were "significant").

In this case, Plaintiff is *not* alleging that, in the time since the Court entered the preliminary injunction, Defendants have changed a policy or practice such that they are now infringing on Plaintiff's constitutional rights. The three-minute speaking limitation has been in place since before the Court entered the preliminary injunction. Plaintiff has advocated against the C911 proposals since before the Court entered its injunction, and he continues to do so now. Plaintiff knew that these proposals were pending and would continue to be advanced toward approval, yet he did not move for any injunctive relief relating to the policy change limiting speaking time.

Plaintiff argues that he could not have raised this issue in his preliminary injunction motion because the contract proposals that he opposes were merely "rumors" and his need to speak in opposition would not have shown likelihood of imminent irreparable harm. That the proposals were discussed in detail at C911 board meetings, however, places them beyond mere "rumors." For example, the C911 board minutes from October 25, 2022, submitted by Plaintiff, states that the C911 board is "on the cusp of this District moving forward on a new radio solution." ECF 76-1 at 6. Plaintiff spoke in opposition to that proposed contract in that meeting. *Id.* at 5. Indeed, Plaintiff stated that he had spoken out against the proposals at least a *dozen* times before filing the preliminary injunction motion. *See* ECF 76 at 2.

The mere fact that the contract proposals are closer to approval now than they were at the time that Plaintiff filed his preliminary injunction motion is not a significant change bearing on Plaintiff's ability to exercise his First Amendment rights and raise his current challenge to Defendants' change in speaking time. Thus, the Court finds that Plaintiff has not shown a "significant" change in facts or law. The Court therefore does not reach the second stage of the *Sharp* analysis.

## CONCLUSION

The Court DENIES Plaintiff's motion to amend his preliminary injunction (ECF 123).

**IT IS SO ORDERED**.

DATED this 24th day of September, 2024.

                                                /s/ *Michael H. Simon*
                                                Michael H. Simon
                                                United States District Judge