IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TYLER MILLER**, | Case No. 3:23-cv-293-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **HENRY HEIMULLER**; **BRUCE HOLSEY**; **JEFF FLATT**; **SHELLEY HENNESSY**; and **COLUMBIA 9-1-1 COMMUNICATIONS DISTRICT**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Before the Court is Plaintiff Tyler Miller's motion to reconsider the Court's March 12, 2024 Opinion and Order partially granting summary judgment (ECF 112) ("Summary Judgment Opinion and Order"). Among other things,[1] Miller moved for summary judgment on his First Amendment claim against Defendants, which included a violation of his right to expression ("Count 1") and a violation of his right to association ("Count 2"). The Court declined to grant summary judgment on Count 1 because there were factual disputes about whether the ban on Miller's attendance at in-person meetings was viewpoint neutral and reasonable in light of the

---

[1] Miller also moved for summary judgment on his second claim for relief, which he brought pursuant to a provision of the Oregon Public Meetings Law, Oregon Revised Statutes § 192.630. The Court granted summary judgment for Miller with respect to this claim. This claim is not at issue in this motion, and the Court does not discuss it further.

PAGE 1 – ORDER

purposes served by the forum. The Court granted summary judgment on Count 2 with respect to Defendants' heightened restrictions on virtual-only meetings but found a factual question regarding whether the in-person ban was narrowly tailored to Defendants' interest in employee and public safety. In his pending motion for reconsideration, Miller asks the Court to grant him summary judgment on all aspects of his First Amendment claim.

Miller argues that reconsideration of the Summary Judgment Opinion and Order is appropriate pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. District courts in this circuit grant motions to reconsider under Rule 54(b) in limited circumstances, including, as relevant to this motion, when "there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence," or "there are new material facts that happened after the Court's decision." *In re Galena Biopharma, Inc. Derivative Litig.*, 2014 WL 5494890, at *2 (D. Or. Oct. 30, 2014) (quoting *Lyden v. Nike, Inc.*, 2014 WL 4631206, at *1 (D. Or. Sept. 15, 2014)). Miller argues that he learned of material facts in the time after the Court's Summary Judgment Opinion and Order. Namely, he cites deposition[2] testimony from Defendant Bruce Holsey, the president of the C911 District's ("District") Board of Directors at the relevant time, in which Holsey says that the Board enacted the ban based solely "on the report from Ms. Van Meter." Holsey Depo. Tr. 16:6-22 (ECF 145-5 at 2).

Defendants argue that there are no "material differences" in the facts presented at the time that Miller filed for summary judgment. Specifically, Defendants assert that Holsey's testimony that Ms. Van Meter's report ("the Van Meter Report") was the basis for the ban simply was "a

---

[2] The deposition occurred on November 20, 2024, eight months after the Court issued its Summary Judgment Opinion and Order.

restatement of defendants' position in opposing summary judgment." The Court is not persuaded by this argument. Although Defendants did assert in their response to Miller's motion for summary judgment that they voted to ban Miller "[b]ased" on the Van Meter Report, *see* ECF 101 at 2, they did not assert, nor was there evidence in the record at that time, that the Van Meter Report provided the *sole* basis for that decision. The Holsey deposition provided Miller with evidence confirming, for the first time, that the Van Meter Report—and nothing external— furnished the grounds for the ban.

Turning to the merits of Miller's motion, the Court finds that reconsideration of its Summary Judgment Opinion and Order is not appropriate because the Van Meter Report continues to create disputes of material fact. At the outset, the parties disagree about the appropriate legal standard for evaluating a restriction on First Amendment rights in a limited public forum. Miller argues that the reasonableness of the ban must be judged only against the Van Meter Report because Defendants assert that the ban was based only on the Van Meter Report. Defendants respond that the reasonableness analysis requires considering more than just the document that Defendants relied on in imposing the restriction. Rather, the Court should examine, among other things, the testimony of employees—such as Chandra Egan—about the underlying facts and circumstances, and not just the four corners of the Van Meter Report. Because the Court finds a dispute of material fact about whether the Van Meter Report illustrates legitimate safety concerns about Miller, however, the Court declines to opine at this time as to whether evidence beyond the Van Meter Report—such as deposition testimony from District employees—is relevant to the determination of reasonableness.

With respect to Count 1 of Miller's First Amendment claim, Miller argues that the Van Meter Report contains only one paragraph addressing Miller's conduct at District meetings, which Miller asserts did not raise any safety concerns whatsoever. Miller emphasizes that instead, much

PAGE 3 – ORDER

of the Van Meter Report concerns allegations about Miller's conduct from 2011 to 2017, when he was a reserve sheriff. Miller argues that this conduct is not relevant to the Board's decision to ban him from district meetings because that conduct did not concern his behavior at *district meetings*. But what Defendants learned from the Van Meter Report about Miller's conduct in other settings (particularly, professional settings) factors into the analysis of whether the ban was appropriate. *See Preminger v. Peake*, 552 F.3d 757, 765 (9th Cir. 2008) ("A restriction on expressive conduct in a nonpublic forum must be reasonable in the light of the purpose of the forum and *all the surrounding circumstances*.") (emphasis added) (quotation marks omitted). Miller provides no legal support for his position that only his conduct *at district meetings* should have been considered in enacting the ban. Thus, the Court reiterates its conclusion in the Summary Judgment Opinion and Order: there remains a factual dispute about whether and when Miller's presence at District meetings causes harm. Granting summary judgment in favor of Miller is therefore not appropriate.

      Miller further argues that the concerns raised in the Van Meter Report are "vague, subjective, and speculative," and thus not reasonable as a matter of law. But a reasonable jury could find that the Van Meter Report described conduct so worrisome that the District's decision to ban Miller was reasonable. For example, a reasonable jury could find that testimony in the Van Meter Report alleging that Miller sent inappropriate texts, caused an employee "severe anxiety," and instilled in employees fear for their personal safety amounted to a reasonable belief that Miller would cause similar or worse harms to attendees of District meetings. Accordingly, the Court declines to decide the issue of reasonableness at this stage or grant summary judgment for Miller.

      With respect to Count 2 of Miller's First Amendment claim, Miller argues that the Van Meter Report contains no evidence of Miller doing or threatening to do anything *physically*

PAGE 4 – ORDER

violent. Again, Miller emphasizes that the Van Meter Report contains only one description of meeting-related conduct, and that conduct did not rise to a legitimate safety concern. Again, the Court concludes that the question of Miller's likelihood of causing harm at District meetings—even in the absence of evidence of physical violence—is a question for the jury.

For the reasons provided, the Court DENIES Miller's motion for reconsideration, ECF 161.

**IT IS SO ORDERED**.

DATED this 28th day of April, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge