IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TYLER MILLER**, <br><br>    Plaintiff, <br><br> v. <br><br> **HENRY HEIMULLER; BRUCE HOLSEY; JEFF FLATT; SHELLEY HENNESSY; and COLUMBIA 9-1-1 COMMUNICATIONS DISTRICT**, <br><br>    Defendant. | Case No. 3:23-cv-293-SI <br><br> **ORDER ON PRETRIAL MATTERS** |

**Michael H. Simon, District Judge.**

Plaintiff Tyler Miller is an elected member of the Scappoose City Council in Columbia County, Oregon. He brings this federal civil rights lawsuit under 42 U.S.C. § 1983 against the Columbia 9-1-1 Communications District (the "District") and four current or former members of the District's Board of Directors in their official capacities. The individual Defendants are Henry Heimuller (current member), Bruce Holsey (former member), Jeff Flatt (current member), and Shelley Hennessy (current member). The Court refers to the individual Defendants collectively as the "Board" and to the District and the Board collectively as "Defendants."

PAGE 1 – ORDER ON PRETRIAL MATTERS

As his First Claim, Plaintiff alleges that Defendants violated his First Amendment right to free speech by banning him from attending public meetings of the District, entering District premises, and communicating with District personnel. ECF 89 (First Amended Complaint). As his Second Claim, Plaintiff alleges that Defendants violated his First Amendment right to association (or assembly) by banning him from attending public meetings of the District, entering District premises, and communicating with District personnel. *Id.* Plaintiff seeks only declaratory and injunctive relief and nominal damages. *Id.* The parties have stipulated to the dismissal of Plaintiff's Third Claim, which alleged First Amendment Retaliation. ECF 167. The parties also agree that Plaintiff's First and Second Claims will be heard by the Court without a jury. *Id.* The Court has scheduled a bench trial to begin on July 14, 2025. Now pending before the Court are each side's single motion in limine, Plaintiff's motion for sanctions by adverse inference, Plaintiff's objections to Defendants' witness statement, and Plaintiff's objections to Defendants' trial exhibits. The Court addresses each in turn.

## MOTIONS IN LIMINE

### A. Standards

A motion in limine, broadly defined, means "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984); *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (stating that a motion in limine is a "procedural mechanism to limit in advance testimony or evidence in a particular area"). As with other motions raised before trial, motions in limine "are useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (quotation marks omitted); *see also Luce*, 469 U.S. at 41 n.4 (explaining that a court may rule in limine "pursuant to the district court's inherent authority to manage the course of trials"). Further, "a ruling on a motion

PAGE 2 – ORDER ON PRETRIAL MATTERS

in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court. The district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *Pomona*, 866 F.3d at 1070 (quotation marks omitted).

In many instances, however, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016) (quotation marks omitted). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014) (quotation marks omitted). Thus, denial of a motion in limine to exclude certain evidence does not mean that all evidence contemplated by the motion will be admitted, only that the court is unable to make a comprehensive ruling to exclude the evidence in advance of trial. *Id*. at 1168.

**B. Plaintiff's Motion in Limine**

Plaintiff has filed one motion in limine (ECF 176), Defendants have responded (ECF 180), and Plaintiff has replied (ECF 191). Plaintiff seeks to exclude evidence or argument concerning any justifications for Defendants' actions challenged in this lawsuit other than what is contained in the "Van Meter Report" and the related text messages that the Board received with that report. Plaintiff argues that everything else is irrelevant to the claims now before the Court. In response, Defendants argue that the Court must consider the reasonableness of Defendants' actions and whether those actions were narrowly tailored to achieve an important governmental interest. According to Defendants, this requires the Court to consider all relevant circumstances and not be limited as Plaintiff's motion proposes.

Without necessarily agreeing with either side's framing of the issues to be decided, the Court denies Plaintiff's motion in limine. In the upcoming bench trial, the Court anticipates

PAGE 3 – ORDER ON PRETRIAL MATTERS

allowing each party to present whatever evidence that party contends is relevant (and otherwise admissible). After the close of all evidence, the Court will consider each side's arguments on the merits, including arguments about what is and what is not relevant to that determination. Thus, the Court denies Plaintiff's motion in limine.

**C. Defendants' Motion in Limine**

Defendants also have filed only one motion in limine (ECF 182), Plaintiff has responded (ECF 190), and Defendants have replied (ECF 195). Defendants seek to exclude Plaintiff from personally being present in the courtroom during the testimony of defense witnesses Chandra Egan and Dannell Hooper.

The Court begins its analysis by noting that Rule 615 of the Federal Rules of Evidence allows (indeed, requires) the exclusion of certain witnesses from the courtroom upon request of a party. That rule, however, also expressly states that it "does not authorize excluding . . . a party who is a natural person." Fed. R. Evid. 615(a)(1). Thus, rather than invoking a rule of evidence, Defendants ask the Court to exercise its "inherent authority" over matters inside a courtroom when ordering the exclusion of Plaintiff.

In their opening brief (ECF 182), Defendants cite three district court decisions in support of their motion: *Ewing v. Freedom Forever, LLC*, 2024 WL 221432 (S.D. Cal. Jan. 19, 2024); *Somers v. Digital Realty Trust, Inc.*, 2017 WL 3623728, (N.D. Cal. July 13, 2017); and *Ndulue v. The Fremont-Rideout Health Grp.*, 2017 WL 1354560 (E.D. Cal. Apr. 13, 2017). All three cases, however, involve *direct* contact by a party to a witness or counsel. Moreover, the factual circumstances and legal outcomes of each of those cases are distinguishable from the present case in several important respects.

In *Somers*, 2017 WL 3623728, at *2, the court prohibited the plaintiff from contacting a witness *except through formal judicial process*. The court also issued a protective order in

PAGE 4 – ORDER ON PRETRIAL MATTERS

response to a "threatening, highly offensive, and very unwelcome" letter that plaintiff sent—during litigation—to a witness. *See id.* (quotation marks omitted). Here, there is no evidence that Plaintiff engaged in similarly threatening behavior during this litigation. Further, the Court can effectively monitor Plaintiff's courtroom behavior during trial and can take appropriate action, if necessary. In *Ewing*, 2024 WL 221432, at *5, the district court issued only a warning to the plaintiff rather than an order excluding him from judicial proceedings. Finally, in *Ndulue*, 2017 WL 1354560, at *2, the district court contemplated—but ultimately rejected—dismissing the case as a sanction for the plaintiff's threatening conduct. There, the plaintiff sent defense counsel a letter stating, among other things, "I am going to make you pay" and "I will get you." *Id.* (quotation marks omitted). Again, there is no evidence of any similar threatening conduct by Plaintiff in this case.

In their reply (ECF 195), Defendants cite additional cases in support of their motion, especially: *Hines v. Wilkinson*, 163 F.R.D. 262 (S.D. Ohio 1995); *Esebag v. Whaley*, 2019 WL 8013118, at *4 (C.D. Cal. Sept 9, 2019); and *Garey v. Anderson*, 2023 WL 11065857 (E.D. Wash. Mar. 22, 2023). But these cases also are inapposite. First, all three concern a party's ability to attend a witness's *deposition*—not a party's ability to attend trial. Second, contrary to Defendants' characterization in their reply brief, the court *denied* the motions to exclude the plaintiff in two out of three of these cases, finding that the defendants failed to show sufficient evidence of dangerous, disruptive, or antagonistic behavior. *See Hines*, 163 F.R.D. at 267-68 (finding no evidence); *Esebag*, 2019 WL 8013118, at *4 (stating that evidence of one "clearly aggressive" text message sent to witness during litigation was insufficient).

Finally, in *Garey*, the district court prohibited the defendant from attending the plaintiff's deposition based on evidence received from the plaintiff's mental health counselor showing that

PAGE 5 – ORDER ON PRETRIAL MATTERS

the defendant's history of domestic violence against the plaintiff caused the plaintiff's post-traumatic stress disorder and made her vulnerable to anxiety and panic attacks. *See* 2023 WL 11065857, at *2. It was only under "these extraordinary circumstances"—which are not present here—that the court excluded the defendant from attending the deposition of the plaintiff. *See id.*

Turning specifically to the question of Plaintiff's attendance at *trial*, the Court agrees with Defendants that "[i]n a civil suit, the parties do not have a *constitutional* right to be personally present during trial." *Kulas v. Flores*, 255 F.3d 780, 786 (9th Cir. 2001) (emphasis added); *see also Faucher v. Lopez*, 411 F.2d 992, 996 (9th Cir. 1969) (same). Although Plaintiff does not have a constitutional right to be present at trial, it is generally presumed under the Federal Rules of Evidence that a party who is a natural person should not be excluded from that person's own civil trial. *See* Fed. R. Evid. 615(a)(1).

The Court accepts that such a presumption can be rebutted, or a right to attend trial forfeited. Looking by analogy to criminal trials, a person charged with a felony has a constitutional right to be present at every stage of that defendant's trial, but even that right can be forfeited—at least to some extent. *See Illinois v. Allen*, 397 U.S. 337, 338 (1970). In that case, the Supreme Court explained:

> Although mindful that courts must indulge every reasonable presumption against the loss of constitutional rights . . . a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom.

*Id.* at 343 (citation and footnote omitted). The Court intends to take the same approach here. Thus, the Court will not prospectively exclude Plaintiff from physically attending trial. If, however, he (or anyone else in the courtroom) engages in disorderly, disruptive, disrespectful, or

PAGE 6 – ORDER ON PRETRIAL MATTERS

otherwise inappropriate behavior, the Court has the inherent authority to maintain decorum by warning, and if necessary, removing, any disruptive person from the proceeding. This should be sufficient. Accordingly, the Court denies Defendants' motion in limine.

## PLAINTIFF'S MOTION FOR SANCTIONS BY ADVERSE INFERENCE

Plaintiff has moved for sanctions in the form of an "adverse inference" based on Defendants' alleged failure to comply with their duties under the Oregon Public Meetings Law to record or take minutes of the executive session held on February 13, 2023. ECF 171. Defendants have responded. ECF 179. Plaintiff did not reply. Plaintiff argues that Defendants' alleged failure to comply with their recordkeeping duties under the Oregon Public Meetings Law to take minutes of executive sessions constitutes the equivalent of "spoliation of evidence." The Court disagrees.

District courts in this circuit have generally concluded that the spoliation doctrine does not apply to evidence that never existed. *See, e.g.*, *Shackelford v. W. Coast Freightline, LLC*, 2021 WL 3886836, at *2 (W.D. Wash. Aug. 31, 2021) ("Spoliation is the destruction or alteration of evidence or the failure to preserve evidence—Defendants could not have destroyed, altered, or failed to preserve evidence that never existed. [A defendant's] failure to create or finalize his logs for the complained of dates may be in violation of federal regulations as Plaintiff argues, but his actions (or lack thereof) do not amount to spoliation of evidence."); *Bailey v. NDOC*, 2020 WL 8970348, at*1 (D. Nev. Dec. 21, 2020) ("A document that never existed cannot be spoliated."); *Mizzoni v. Allison*, 2018 WL 3203623, at *4 (D. Nev. Apr. 4, 2018) (explaining that courts "cannot award spoliation sanctions based on the failure to create evidence" because "[n]o duty to preserve evidence can attach to evidence that did not exist in the first place" even if a person or entity had an obligation under a law or regulation to create that evidence); *Harmon v. United States ex rel. Bureau of Indian Affs.*, 2017 WL 1115158, at *3

PAGE 7 – ORDER ON PRETRIAL MATTERS

(D. Idaho Mar. 24, 2017) ("The failure to create evidence, without more, would not ordinarily warrant a spoliation sanction."). The Court finds these cases persuasive.

Plaintiff cites three cases in support of his motion, *Smith v. United States*, 128 F. Supp. 2d 1227, 1233 (E.D. Ark. 2000); *Ramirez v. Pride Development & Construction*, 244 F.R.D. 162, 164 (E.D.N.Y. 2007); and *Harmon*. In *Smith*, the court considered whether a surgeon's failure to dictate or otherwise create contemporaneous notes of a surgical procedure constituted spoliation. In concluding that the surgeon's failure to make notes amounted to the equivalent of spoliation, the court emphasized the magnitude of a failure to take notes during a surgery and the reasonable inferences about the surgeon's conduct that could be drawn from that failure. *See Smith*, 128 F. Supp. 2d at 1233-34. Here, however, Defendants' failure to take minutes of their meetings appears to have been a general practice, not a specific incident unique to the one meeting at issue. *Compare* ECF 172-8 at 1 ("The District has begun to take steps to immediately correct its oversight regarding keeping minutes of executive sessions in an appropriate form."), *with Smith*, 128 F. Supp. 2d at 1233 n.6 (finding the doctor's explanation "unsatisfactory" because he testified that he did about 500 operations each year, but this was the *only* instance that he did not dictate operative notes during a surgery).

In *Ramirez*, the party accused of spoliation did not destroy records that it was required to keep under New York labor laws, but rather never created them. For that reason, the court found that a spoliation analysis was "inapposite." *Ramirez*, 244 F.R.D. at 164-65. The court nevertheless issued an instruction to the jury to make an adverse inference regarding the party's "failure to maintain required employment records." *Id.* at 165. Similarly, the *Harmon* court issued a *permissive* adverse-inference jury instruction about the missing evidence, holding that "[t]he prophylactic and punitive justifications underlying the spoliation doctrine may justify

PAGE 8 – ORDER ON PRETRIAL MATTERS

sanctions where a party fails to create evidence in violation of a statutory, regulatory, or internal policy obligation." *See id.* at 3.

Following the guidance of *Ramirez* and *Harmon*, the Court will allow Plaintiff to introduce evidence at trial—to the extent otherwise admissible—showing Defendants' policies and practices regarding the taking and keeping of meeting minutes. Then, after the close of all evidence, the parties may present argument concerning whether any permissive inferences can and should reasonably be drawn from the evidence that may relate to any of the issues to be decided by the Court. To that extent, the Court grants in part and denies in part Plaintiff's motion for sanctions in the form of an adverse inference.

## TRIAL WITNESSES AND OBJECTIONS

Plaintiff has identified Michael Fletcher and Bruce Holsey as potential witnesses in Plaintiff's case-in-chief (ECF 177) and Plaintiff Tyler Miller as a potential rebuttal witness (ECF 192). Defendants have not filed any objections.

Defendants have identified Chandra Egan, Michael Fletcher, Bruce Holsey, and Dannell Hooper as potential witnesses in Defendants' case-in-chief (ECF 184). Plaintiff has filed objections to Defendants' witness statement (ECF 188), and Defendants have responded (ECF 194). The parties have partially resolved Plaintiff's objections to the testimony of Messrs. Fletcher and Holsey (ECF 196).

Regarding Defendants' witnesses Chandra Egan, Dannell Hooper, Bruce Holsey, and Michael Fletcher, Plaintiff objects on grounds of relevance, among other things. The Court overrules Plaintiff's relevance objections. As noted above in the Court's ruling denying Plaintiff's motion in limine, the Court intends to allow each party to present whatever evidence a party contends is relevant (and otherwise admissible). After the close of all evidence, the Court

PAGE 9 – ORDER ON PRETRIAL MATTERS

will consider each side's arguments on the merits, including what is and what is not relevant to that determination.

Regarding Defendants' witnesses Chandra Egan and Bruce Holsey, Plaintiff also objects that portions of their testimony will be cumulative of other evidence. Because Defendants estimate that the direct examination of Ms. Egan will last no longer than 20 minutes and that the direct examination of Mr. Holsey will last no longer than 30 minutes, the Court overrules Plaintiff's objections that the testimony from either witness will be cumulative of other evidence.

Finally, Plaintiff objects that the anticipated testimony of Defendants' witness Michael Fletcher about complaints received from Ms. Egan, Ms. Hooper and other employees is inadmissible hearsay. Defendants respond that "[g]iven that [P]laintiff has agreed to the admissibility of the Van Meter report, Fletcher will not testify about the fact that he received complaints from Egan, Hooper, and other employees." ECF 194 at 2. Defendants add that "[t]o the extent that [P]laintiff argues that the complaints by Egan were not of concern to Fletcher in 2020, this is relevant to the surrounding circumstances of the ban." *Id.* If offered by Defendants, the Court may receive any such evidence concerning the out-of-court statements heard by Mr. Fletcher not for the truth of the matters asserted but for the limited purpose of their effect on the listener, to the extent that what Mr. Fletcher heard ultimately was communicated to Defendants, to explain why Defendants took the actions that they did. Thus, such statements would not be hearsay. *See* Fed. R. Civ. P. 801(c)(2).

## TRIAL EXHIBITS AND OBJECTIONS

Plaintiff has filed an exhibit list (ECF 175), identifying five trial exhibits, Exhibits 1-5. Defendants do not object (ECF 196). Accordingly, Trial Exhibits 1-5 are received in evidence.

Defendants have filed an exhibit list (ECF 181), identifying three trial exhibits, Exhibits 201, 202, and 203. Plaintiff does not object to Exhibit 201 (ECF 196). Plaintiff,

however, objects to Exhibit 202 and 203 (ECF 187), arguing that those exhibits are not relevant. Defendants have responded (ECF 193).

The Court will reserve ruling on the admissibility of Trial Exhibits 202 and 203 until trial. If they are offered in evidence and if Plaintiff continues to objects to these documents as irrelevant, the Court expects to be in a better position at that time to assess the relevance, if any, of these documents. *See Pac. Gas & Elec.*, 178 F. Supp. 3d at 941 (explaining that objections may "be deferred until trial, so that questions of . . . relevancy . . . may be resolved in proper context").

## CONCLUSION

The Court resolves Plaintiff's motion in limine (ECF 176), Defendants' motion in limine (ECF 182), Plaintiff's motion for sanctions by adverse inference (ECF 171), Plaintiff's objections to Defendants' witness statement (ECF 188), and Plaintiff's objections to Defendants' trial exhibits (ECF 187), all as stated in this Order on Pretrial Matters.

**IT IS SO ORDERED**.

DATED this 8th day of July, 2025.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge