IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TYLER MILLER**, an individual,<br><br>       Plaintiff,<br><br>       v.<br><br>**HENRY HEIMULLER**, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; **BRUCE HOLSEY**, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; **JEFF FLATT**, in his official capacity as Board Member of the Columbia 9-1-1 Communications District; **SHELLEY HENNESSY**, in her official capacity as Board Member of the Columbia 9-1-1 Communications District; and the **COLUMBIA 9-1-1 COMMUNICATIONS DISTRICT**, an Oregon Municipal Corporation,<br><br>       Defendants. | Case No. 3:23-cv-293-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

   After a bench trial, Plaintiff Tyler Miller obtained a permanent injunction and declaratory relief against Defendants, the Columbia 9-1-1 Communications District and four members of its Board of Directors. Before trial, Defendants made an offer of judgment, which Miller did not accept. Miller now moves under Rule 68(d) of the Federal Rules of Civil Procedure for his costs, including attorney's fees, incurred after the offer of judgment. As explained below, Miller is not entitled to costs under Rule 68(d), and the Court denies Miller's motion.

PAGE 1 – ORDER

**STANDARDS**

Under Rule 68, a defendant may make an offer of judgment to a plaintiff. If the plaintiff accepts the offer, the district court must enter judgment according to its terms. *See Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1185 (9th Cir. 2022). A plaintiff who rejects an offer of judgment, however, risks liability for the defendant's costs, including attorney's fees under certain circumstances, that the defendant incurs after making the offer. Subsection (d) of the Rule provides: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). The offer of judgment thus prompts a plaintiff "to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesney*, 473 U.S. 1, 5 (1985).

Rule 68 interacts with other fee-shifting rules. As relevant here, "the court, in its discretion, may allow the prevailing party [in an action under 42 U.S.C. § 1983] . . . a reasonable attorney's fee as part of the costs" under 42 U.S.C. § 1988. In *Marek*, the Supreme Court held that awardable attorney's fees under § 1988 are susceptible to Rule 68. *See* 473 U.S. at 9. Thus, meritorious civil rights plaintiffs "who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected." *Id.* at 10.

**BACKGROUND**

Miller originally sued Defendants for three violations of his First Amendment rights under 42 U.S.C. § 1983 and a claim under the Oregon Declaratory Judgment Act for violation of ORS 192.630(4). ECF 89 ¶¶ 9-14. He sought declaratory relief, an injunction, fees, and "[d]amages in the amount of at least $1, the precise amount to be proven at trial." *Id.* at 13-14.

On August 14, 2024, Defendants made the following offer of judgment:

> (1)   Defendants consent to a judgment enjoining them from banning plaintiff from in-person attendance at public board meetings.
>
> (2)   Defendants consent to a judgment requiring them to make determinations as to whether to exclude an individual from in-person attendance at board meetings on a case-by-case basis.
>
> (3)   Defendants consent to a judgment enjoining them from banning plaintiff from his attendance at public meetings held on C911 premises.
>
> (4)   Defendants consent to a judgment enjoining them from precluding plaintiff from petitioning C911 or making public records requests in the same manner specified by defendants that apply to all members of the public.
>
> (5)   Defendants consent to a judgment in favor of plaintiff in the sum of $50,001.00, in addition to costs and reasonable attorneys' fees to be set by the court or agreed to by the parties.

ECF 225, Ex. 1 ("Offer"). Additionally, "[a]ny judgment entered because of [the] offer must state that the judgment shall not be construed as an admission of liability, nor an admission that plaintiff has suffered any damage." *Id.*

Miller declined the Offer. *Id.*, Ex. 2. He counteroffered by requesting "$325,000 in damages, rather than $50,000." *Id.* He also asked for an "injunction restoring public comment time to ten minutes for all District public meetings for so long as a majority of the current board members hold their positions." Finally, Miller requested that Defendants remove the sentence conditioning any entry of judgment on the statement that the judgment is not an admission of liability or an admission that Miller suffered damage. *Id.*

Defendants did not agree to Miller's terms, so the parties proceeded to a bench trial, from which Miller obtained the following judgment:

> (1)   Judgment is entered in favor of Plaintiff, Tyler Miller, . . . ;

PAGE 3 – ORDER

>  (2)    The Court **GRANTS** Plaintiff declaratory relief. Defendants violated Plaintiff's First Amendment rights to expression and association by enacting the February 23, 2023 Ban and prospectively prohibiting Plaintiff from attending public District meetings;
>
>  (3)    The Court **GRANTS IN PART** Plaintiff's request for permanent injunctive relief. Until the Court orders otherwise, Defendants are enjoined from enforcing the provision of the Ban that prohibits Plaintiff from attending public District meetings on the conditions that Plaintiff:
>
>> a) must always maintains a distance of no less than 15 feet from both Chandra Egan and Dannell Hooper; and
>>
>> b) must not initiate communications with Chandra Egan or Dannell Hooper directly or indirectly, in person, by text, by phone, by email, or otherwise—apart from asking questions of Dannell Hooper during Board meetings in Plaintiff's official capacity as a Board Member.
>
>  (4)    The Court retains jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651, to enforce the terms of this permanent injunction against any party; and
>
>  (5) Plaintiff may not recover money damages against Defendants

ECF 206 ("Judgment").

Miller now moves for an "order that, because the [Offer] is not more favorable than the [Judgment], Miller is entitled to an award of reasonable fees and costs incurred after the Offer was served." ECF 224 at 2. Defendants respond that their Offer was more favorable than the Judgment, and thus they should be entitled to their own post-Offer costs. ECF 227 at 10.

## DISCUSSION

Miller's motion fails because, by its plain language, Rule 68 is not a proper vehicle for an offeree to win costs. The rule provides that "the offeree must *pay* the costs incurred after the offer was made" "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d) (emphasis added). Rule 68 never discusses an offeree

PAGE 4 – ORDER

being entitled to costs or an offeror being obligated to pay costs. Miller provides no authority to overcome the Rule's plain text. *See Madsen v. Jacoby*, 2024 WL 1435497, at *12 (D. Alaska Apr. 3, 2024) ("The plain language of FRCP 68 only entitles the offeror to costs."), *aff'd*, 2025 WL 2399971 (9th Cir. Aug. 19, 2025) (unpublished).

Further, "[t]he general rule is that the moving party must always carry the burden of supporting his motion." *United States v. Warrington*, 17 F.R.D. 25, 29 (N.D. Cal. 1955). Here, Miller's motion asks the Court to place the burden on Defendants to disprove Miller's entitlement to costs. But "[t]here does not appear to be any authority directing, or any reason impelling, any change in this rule when it is applied to motion [under Rule 68]." *See id.* Quite the opposite: as Miller acknowledges, the law in this Circuit is that "Rule 68 is actually a tool for defendant to use." ECF 224 at 4-5 (quoting *Fernandez v. Long Beach Unified Sch. Dist.*, 2021 WL 5918319, at *3 (C.D. Cal. Sept. 15, 2021)).

The "plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek*, 473 U.S. at 5. Miller's reading of Rule 68 would create a risk of *mandatory* costs for every offeror of judgment. *See* Fed. R. Civ. P. 68(d) ("[T]he offeree *must pay* the costs incurred after the offer was made." (emphasis added)). That risk would significantly discourage offers of judgment and, thus, settlement. Although "Rule 68 leaves no room for the court's discretion" when it applies, *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996), the district court otherwise maintains its inherent discretion over awards of attorney's fees to the prevailing party, *see* Fed. R. Civ. P. 54(d). Miller's proposed extension of Rule 68 requiring an offeror to pay the offeree's fees after an offer of judgment would hamper that discretion. Based on these considerations, the Court declines to enter Miller's requested order.

**A. Miller's Ability to Recover Post-Offer Costs and Fees**

Rule 68(d) bars Miller from recovering post-Offer costs that would otherwise be recoverable under 42 U.S.C. § 1988 because the Offer was more favorable than the Judgment. There are three key differences between the Offer and the Judgment: first, the Offer included a $50,001.00 damages award, whereas Miller won no damages in the Judgment; second, the Offer included a broader injunction than Miller won under the Judgment; and third, the Judgment included declaratory relief, whereas Defendants disclaimed liability under the Offer.

There is no single test to evaluate what is "more favorable" for purposes of Rule 68(d) when comparing monetary and non-monetary relief. *See Real v. Continental Grp., Inc.*, 653 F. Supp. 736, 738 (N.D. Cal. 1987) ("How does one quantify the value of injunctive relief?"); 12 WRIGHT & MILLER'S FED. PRAC. & PROC. § 3006.1 (3d. ed 1998) ("[N]o clear rules can guide that decision."). Still, a few considerations guide the Court's analysis. "A judgment containing declaratory and permanent injunctive relief can be more valuable to a plaintiff than money damages." *Prison Legal News v. Columbia County*, 2014 WL 1225100, at *5 (D. Or. Mar. 24, 2014). Additionally, injunctive and declaratory relief is particularly important in the civil rights context. *See, e.g.*, *id.*; *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 230 (2d Cir. 2006) (collecting cases to "emphasize[ ] the importance of equitable relief in employment cases"); *Lightfoot v. Walker*, 619 F. Supp. 1481, 1485 (S.D. Ill. 1985), *aff'd*, 826 F.2d 516 (7th Cir. 1987) (calling judgment of declaratory and injunctive relief in class action about unconstitutional medical care for prisoners "far more favorable than any offer of settlement").

Miller argues that the Judgment is more favorable than the Offer because he values the equitable relief in the Judgment—particularly the declaratory relief—higher than the monetary relief in the Offer. Miller relies on *Coppi v. City of Dana Point* for the proposition that "[w]here non-monetary terms are at issue, a court comparing a Rule 68 offer and a judgment considers the

PAGE 6 – ORDER

relief requested by the plaintiff and the value of that relief to the plaintiff." ECF 224 at 5 (citing *Coppi v. City of Dana Point*, 2015 WL 2159321, at *7 (C.D. Cal. May 4, 2015)). In *Coppi*, the court concluded that the Rule 68 offer was more favorable. 2015 WL 2159321, at *7. The defendant offered the plaintiff "$7,500 for complete satisfaction" of the plaintiff's claims, but the offer "did not contain any provision for injunctive relief, despite the fact that injunctive relief was the primary purpose of the lawsuit and the first prayer in the Complaint." *Id.* at *6 (quotations omitted). Thus, the court emphasized that "Coppi's request for equitable relief was of paramount importance to this litigation" in "find[ing] that the result Coppi achieved was more favorable than the unaccepted offer." *Id.* at *7.

Unlike in *Coppi*, Defendants offered Miller money damages and equitable relief. Although the Offer did not include a declaratory judgment, as Miller requested, it did include a broad injunction—indeed, a broader injunction than Miller ultimately obtained at trial. Courts comparing an offer and a judgment under Rule 68(d) properly compare the scopes of the offered and awarded equitable relief. *See, e.g.*, *Bolbol v. HP Pavilion Mgmt.*, 2007 WL 9734733, at *4 (N.D. Cal. Aug. 22, 2007). Here, the Judgment's injunction is "limited" and "conditional" on Miller's compliance with two requirements: first, that Miller "maintain[ ] a distance of no less than 15 feet from both Chandra Egan and Dannell Hooper" and second, that Miller refrain from all "communications with Chandra Egan or Dannell Hooper directly or indirectly, in person, by text, by phone, by email, or otherwise—apart from asking questions of Dannell Hooper during Board meetings in Plaintiff's official capacity as a Board Member." *See* Judgment. The Offer would have permitted Miller to speak freely to Ms. Egan and Ms. Hooper and move freely on Defendants' public property. The Offer also would have applied in some instances to non-public

PAGE 7 – ORDER

board meetings, but the Judgment's injunction applies only to public meetings.[1] Additionally, the Offer would have vindicated the First Amendment rights of all people attending Defendants' meetings, yet the Judgment enjoins Defendants only with respect to Miller.[2] *Cf. City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) (discussing the public benefits of prevailing in civil rights litigation, including that the "institutional behavior involved" is "stopped" (quotation omitted)).

Miller's post-lawsuit conduct also suggests that he values the injunctive relief in the Judgment less than the injunctive relief in the Offer. In October 2025, Miller moved under Rule 60(a) for the Court to expand the scope of the injunction to allow him to "fulfill[ ] his role as a Board member" and "physically attend[ ] District meetings." *See* ECF 222 at 11. After the Court entered its Judgment, Miller stated that Defendants asked him to leave C911 premises multiple times, which Miller suggested could have been because of Ms. Egan or Ms. Hooper. *See id.* at 9-10. If Miller had accepted the injunction in the Offer, the 15-feet rule would not have been included and Defendants would have to make a particularized, case-by-case determination before excluding Miller from any specific board meeting (including non-public ones).[3] In the Ninth Circuit, Rule 68(d) applies when the plaintiff obtains equal equitable relief to what is

---

[1] *Compare* Offer ¶ 2, 3 (describing injunction applying to "board meetings" and "public meetings") *with* Judgment ¶ 3 ("Defendants are enjoined from enforcing the provision of the Ban that prohibits Plaintiff from attending public District meetings . . . ."); *see also* ECF 222 at 11 ("There is no question that the contemporaneous intent of the Court was to enjoin the Ban only to the extent that it applied to public District meetings." (cleaned up)).

[2] *Compare* Offer ¶ 2 (describing Defendants' offer to make case-by-case determinations on any individual's in-person attendance) *with* Judgment ¶ 3 ("Defendants are enjoined from enforcing the provision of the Ban that prohibits Plaintiff from attending public District meetings . . . .").

[3] The Court declined to broaden the scope of the injunction as Miller requested, ECF 222 at 18, and Miller is challenging that decision on appeal. *See* No. 25-7222 (9th Cir. Nov. 17, 2025).

offered. *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438 (9th Cir. 1982) (remanding for district court to award Rule 68 fees after district court entered injunction identical to rejected offer of judgment). Obtaining an injunction with more limited terms than the offered injunction, then, must also invite application of Rule 68(d). *Cf. Bolbol*, 2007 WL 9734733, at *4 (comparing scopes of offered and obtained injunctions; denying application of Rule 68(d) where judgment contained broader injunction than offered injunction).

Miller argues, however, that the addition of the declaratory relief makes the Judgment more favorable than the Offer. Although declaratory relief is certainly valuable to civil rights plaintiffs, obtaining it does not make the judgment necessarily "more favorable" than any offer of judgment. Indeed, some courts refuse to acknowledge any inherent value in a liability verdict. *See, e.g.*, *Ballou v. McElvain*, 2024 WL 1741160, at *5 (W.D. Wash. Apr. 23, 2024) ("The Court may not assess the ancillary benefits that stem from the lawsuit, such as the speculative, intangible benefits a verdict of retaliation might afford Plaintiff like vindication or protection."); *Spencer v. General Elec. Co.*, 894 F.2d 651, 663 (4th Cir. 1990) (holding that district court erred by "includ[ing] non-judgment relief . . . acquired as part of" the judgment finally obtained in the Rule 68(d) analysis). Rather, because the policy behind Rule 68 is to encourage settlement, "Rule 68 does not require that offers of judgment include admissions of liability." *Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 1867292, at *19 (N.D. Tex. Aug. 5, 2005) (cleaned up) (collecting cases). If a declaration of liability made a judgment necessarily "more favorable" than an offer, plaintiffs might have little incentive meaningfully to "evaluate the risks and costs of litigation." *See Marek*, 473 U.S. at 5.

The Offer not only contained a broader injunction than Miller obtained, but it also included a damages award of $50,001. Even assuming the declaration has some inherent value

that the Court may properly consider, the significant monetary award and broader injunction, taken together, are more favorable than the declaration. Miller argues that monetary relief was not important to him, because he did not seek any monetary damages at trial and he "sought only $1 in nominal damages" in the First Amended Complaint. ECF 224 at 7. Miller, however, sought more than nominal damages in the First Amended Complaint.[4] In any event, he countered Defendants' settlement offer by requesting both a declaratory judgment and "$325,000 in damages, rather than $50,000." ECF 225, Ex. 2. That counteroffer demonstrates that Miller wanted both money damages and a declaration; the money thus was intended not to compensate Miller for giving up a declaratory judgment, but for his injury. *See Coppi*, 2015 WL 2159321, at *7 (reviewing post-offer negotiations to glean plaintiff's "primary goal" in litigation). Considering all terms of the Offer and Judgment, the Offer was more favorable. Therefore, Rule 68(d) applies and bars Miller's recovery of post-Offer costs.

## CONCLUSION

The Court DENIES Miller's Motion for Entitlement to Fees Incurred After Offer of Judgment, ECF 224.

**IT IS SO ORDERED.**

DATED this 27th day of January, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[4] Miller represents that, "[f]or his non-dismissed claims, Miller sought only declaratory and injunctive relief." ECF 224 at 2 (citing ECF 89). Although Miller may have abandoned damages as a matter of strategy, he still sought damages in the operative complaint. For his "free association" claim, Miller sought an injunction, fees, and "[d]amages in the amount of at least $1, the precise amount to be proven at trial." ECF 89 at 13-14 ¶ 2.